# CRUMBLEY v. STATE.
## 6 Div. 273.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Nov. 21, 1933.

Griffith & Griffith and St. John & St. John, all of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The question of merit in this case is whether there is to be found in the evidence sufficient corroboration of the testimony of an accomplice who admits the crime and testified on the trial that he was instigated to commit

the offense by this defendant. Ance Cochran testified that on Sunday night September 13, 1931, he set fire to and burned the gin house and mill of J. B. Elrod & Son, in Cullman county, Ala., and that he did it at the instance of this defendant, who agreed to pay him for the act $10 in cash and to gin his cotton crop for the year 1931 free of charge. Through a long direct and cross examination this witness tells the story of his crime and defendant's connection with it. The examination evidences the mind of a criminal moron, which fact is further emphasized by an unbroken line of witnesses who, although Cochran is only twenty years of age, testify to his general bad character and character for truth extending for several years back. So impressive are the above facts, and especially in view of the proven general good character of defendant, a court might well hesitate to permit a verdict to stand, based alone on his testimony.

■■ In this case, however, the statute prescribes the necessity of corroboration. A conviction for felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense, or the circumstances thereof, is not sufficient. Code 1923, § 5635.

The two points of corroboration insisted on by the state are:

(1) The gin of Elrod & Son was new, the building being not quite complete. The machinery had just been installed, and on Wednesday or Thursday in the daytime, before the gin was burned Sunday night, Cochran and defendant were at the gin and were seen in conversation, about the center of the house. On that day a good many people came in to see the new gin and outfit. At the time defendant and Cochran were at the gin there were some forty others there looking around at the new machinery.

■ Under some circumstances, proximity and opportunity are held to be sufficient evidence in corroboration of an accomplice. Ross v. State, 74 Ala. 532. But the presence of defendant at the gin three or four days before the arson in the daytime and with many others present cannot be taken as evidence tending to connect defendant with the crime, unless there was evidence other than the testimony of the accomplice tending to prove that defendant's presence at the gin was other than for a lawful purpose. Lindsey v. State, 170 Ala. 80, 54 So. 516.

■ (2) The evidence for the state tended to prove that on Tuesday after the Monday when Cochran was arrested and confined in jail this defendant went to the home of J. W. Cochran and stated that he had been to the jail, had tried to see Cochran, and had been denied admittance. At this meeting defendant evinced deep emotion and anxiety to the extent of weeping while he talked to the father. Defendant sought to induce the father to go to see his son in jail, and offered to pay for the gasoline necessary to make the trip, and the father was instructed to say to his son: "To keep quiet, that we will get him out." This unusual activity on the part of defendant in undertaking to reach Cochran and his extreme anxiety to have him silenced as a witness of the burning was of itself some evidence tending to prove a consciousness of guilt, and tended to connect defendant with the commission of the crime. The probative force of this evidence was for the jury. Ross v. State, 74 Ala. 532; 16 Corpus Juris, 706 (1441) bb.

In Corpus Juris, 706 (1441)bb, it is stated as a general rule, supported by an unbroken line of authorities, that sufficient corroboration of the testimony of an accomplice to warrant a conviction may be furnished by the suspicious conduct of the defendant, such as conduct or declaration of accused having relation to the offense charged indicating his consciousness of guilt. Palmer v. State, 15 Ala. App. 262, 73 So. 139; McClain v. State, 182 Ala. 67, 62 So. 241; Britton v. State, 15 Ala. App. 584, 74 So. 721; McDaniel v. State, 16 Ala. App. 28, 75 So. 173; Smith v. State, 183 Ala. 10, 62 So. 864.

The conversation between J. W. Cochran and defendant on Tuesday after the Monday on which Cochran, the accomplice, was arrested and incarcerated, being some evidence tending to connect defendant with the crime, the probative force of which was for the jury, it became the duty of the jury to consider this evidence in connection with all of the surrounding circumstances, to wit: That defendant had been and was operating a gin in the same community; that the gin burned was new with new machinery, and to be run in competition with defendant's gin; that Cochran had no personal motive, other than the promised reward, inducing him to burn the gin; the visit of defendant and Cochran on Wednesday to look over the new gin; their talking together and separate from the others present—all of these facts became pertinent and relevant in considering the probative force of the effort on the part of defendant to see Cochran in jail that he might induce Cochran to suppress any fact or facts connected with the burning.

■ The testimony of the witness Guthrie to the effect that, on Sunday morning before the gin was burned that night, he found two gallon buckets filled with kerosene oil in the edge of his field was relevant as tending to sustain the testimony of Cochran, who testified that in preparation for the burning he had carried the buckets of kerosene and left them at the place where Guthrie found them. The question is not whether this evidence is admissible as supplying the corroboration

which the evidence of an accomplice needs at a point which connects the defendant with the crime, but whether the testimony of· an accomplice may be corroborated in other and minor points which do not, taken by themselves, touch the prisoner. This is a question arising under the general rules of evidence with reference to witnesses who from any cause stand before the jury with their credibility seriously impeached. State v. Maney, 54 Conn. 178, 6 A. 401.

There are a great number of exceptions reserved to the rulings of the court on the taking of testimony. These we have examined, and in them find no prejudicial error.

■ Refused charge 13 omits a consideration of all the evidence, and for that reason is bad.

■ Refused charge 21 invades the province of the jury.

■ Refused charges asking affirmative instructions were properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.