173 So. 642

## SLAYTON v. STATE.

### 6 Div. 963.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied Oct. 8, 1936.

2

A. A. Carmichael, Atty. Gen., and Geo. Lewis Bailes, Sol., and Robt. G. Tate, Asst. Sol., both of Birmingham, for the State.

Horace C. Wilkinson, of Birmingham, opposed.

BROWN, Justice.

Where the state relies on the testimony of an accomplice, in the main, to support an indictment and conviction for a felony, the statute, section 5635, Code 1923,

prohibits a conviction unless the testimony of the accomplice is corroborated by other evidence tending to connect the defendant with the offense. Whether or not such evidence has been adduced by the state is a question for the court. The credibility and weight of such evidence is a question for the jury. If the jury does not believe the evidence beyond a reasonable doubt, the defendant is entitled to an acquittal; but in weighing and considering the evidence the jury is not required to segregate such evidence and set same apart from the other evidence in the case and make a preliminary finding in respect thereto; but it is their duty to consider the corroborating evidence in connection with all the other evidence in the case, and when so considered, if they believe the corroborating evidence beyond a reasonable doubt, and from the whole evidence they are satisfied of the defendant's guilt in that degree, it is their duty to convict.

In a very recent case the rule was thus clearly stated: "Whether or not there was any evidence corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a reasonable doubt, were questions for the jury." Berry v. State, 231 Ala. 437, 165 So. 97, 99. This statement of the rule is fully supported by the authorities cited: Smith v. State, 230 Ala. 413, 161 So. 538; Read v. State, 195 Ala. 671, 71 So. 96; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; Lindsey v. State, 170 Ala. 80, 54 So. 516. It is also supported by Malachi v. State, 89 Ala. 134, 8 So. 104, 107. The statement in the opinion of the learned Chief Justice in the case last cited, speaking of the corroborating evidence—"If the only testimony against the defendant was the finding of the overcoat in his possession more than three months after the homicide, we should think it wholly insufficient to justify his conviction of the murder. That is not, however, the form in which the question comes before us. It is offered, not as sole evidence of guilt, but as corroboration of the testimony of Elzy, the accomplice. Does it tend to connect the defendant with the commission of the offense, and does it so corroborate the testimony of Elzy, that the jury is thereby convinced beyond a reasonable doubt, that Meadows was murdered, and that the defendant was present aiding, abetting, or consenting, to the murder?"—clearly demonstrates that it is the duty of the jury to consider the evidence offered to corroborate the accomplice, along with the other evidence in the case in determining its credibility and sufficiency. 89 Ala. 134, 143, 8 So. 104, 107.

Our judgment is that the evidence showing the liaison between the defendant and the Teachworth girl, and defendant's hasty trip to Arkansas—traveling a distance of 480 miles—immediately after he had been under suspicion and investigation for the crime, and what occurred between them, was sufficient corroborating evidence, under the statute, to justify the submission of the case to the jury.

Whether the trip to see the girl was prompted by a consciousness of guilt and a desire to suppress testimony favorable to the state, or other motives, were questions for the jury.

As observed in Malachi's Case, supra, "In Ross v. State, 74 Ala. 532, the corroboration was not of any particular fact testified to by the accomplice. The corroboration relied on was—First, the flight of the defendant; and, second, proximity and opportunity for committing the crime, it having been committed at an unseasonable hour. The trial court left it to the jury to decide whether these two facts sufficiently corroborated the testimony of the accomplice to authorize the jury to convict upon it. We decided there was no error in this. The effect of our ruling was that, while the corroboration must tend to connect the defendant with the commission of the offense, it need not refer to any statement or fact testified to by the accomplice. We adhere to that view." 89 Ala. 134, 141, 8 So. 104, 106.

While, as argued by counsel for the defendant, the hurried trip by the defendant to see the Teachworth girl cannot be considered as flight, yet, forsooth, it was prompted by the same motive—consciousness of guilt—and, in addition, a desire to suppress material testimony.

The Court of Appeals seems to have misinterpreted the opinion of this court in Ex parte State ex rel. Attorney General (Cobb v. State,) 211 Ala. 320, 100 So. 466. When that opinion is properly interpreted it does not require a preliminary consideration of the corroborating evidence by the jury, independent of all the other evidence in the case, and is in accord with what we have said at the outset of this opinion.

4

For the errors noted, let the judgment of the Court of Appeals be reversed, and the cause remanded to that court for further consideration.

Writ granted; reversed and remanded.

All the Justices concur.