5 So.2d 644

### MOORE v. STATE.

### 8 Div. 168.

Court of Appeals of Alabama.

Nov. 4, 1941.

Rehearing Denied Nov. 18, 1941.

Russell W. Lynne, of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

306

**SIMPSON, Judge.**

The State relied upon the testimony of the accomplice, Russell, in the main, to support the verdict of guilt. Therefore, for the conviction to stand, such testimony must have been corroborated by other evidence tending to connect the defendant with the offense. Code 1940, Title 15, § 307.

The defendant was charged with the larceny of cotton seed. That the seed had been stolen from the warehouse in Decatur, Alabama, was not substantially controverted. It was established by the testimony of the accomplice that during the fall and winter of 1940 the seed was stolen from the warehouse by himself and others, and that the defendant would meet him on the highway and drive the truck of cotton seed to Cullman and sell it to a ginner there. Such was the procedure, and upon each trip to Cullman to sell the cotton seed, the defendant and the accomplice, Russell, would, in the early morning, eat at a restaurant in Cullman, the defendant sitting in the front and the accomplice, a negro, having his plate set at the back of the restaurant.

Upon one such excursion to the warehouse in Decatur to steal the cotton seed, the negro was apprehended and placed in jail. Thereafter the arrest of the defendant took place.

The facts and circumstances which were presented upon trial to corroborate this evidence were given by the ginner and the restaurant operator. The ginner testified that the defendant (who lived east of Decatur, in Morgan County) gave as his address Moulton, Route 3 (west of Decatur, Moulton being the county seat of Lawrence County); that defendant always delivered the cotton seed to the gin in the early morning between 6:30 and 7 o'clock, and sometimes was already there, waiting for him, when he (the ginner) arrived. The cafe proprietor testified, as had the accomplice, Russell, that on several occasions, during the period under inquiry, in the early morning, the defendant and this negro, the accomplice witness, or whom he judges to be this same negro, would eat breakfast at the cafe in Cullman, the negro eating at the back where he testified he had, the defendant eating at the front. This witness, the cafe proprietor, further testified, and we appraise this as one of the strongest corroborating facts or circumstances tending to connect defendant with the crime, that, after the negro's arrest, the defendant went to Cullman and told the restaurant proprietor, "met him on the side walk", that this negro, Russell, whom the officers had arrested and brought down to Cullman, was not the boy he had brought with him to the cafe "if anything come up about it." This, to our minds, shows a positive purpose or effort on the part of the defendant, before "anything" had "come up about it", to influence the cafe owner against identifying the accomplice as the negro the defendant had been bringing to Cullman on his various trips to the gin to sell the cotton seed.

The defendant sought to establish his innocence by his testimony that although he had sold about 48 tons of cotton seed to the Cullman gin he had acquired it legally from relatives and others. But, even here, this proof was not so satisfying since, by his witnesses who testified for him, he accounted for only a few tons of cotton seed of his own and that purchased from relatives, the claimed purchases from others not having been testified to by these others or by anyone other than himself.

■ We think and hold that there was sufficient corroborative evidence of the testimony of the accomplice tending to connect the defendant with the offense to warrant submission of the case to the jury. Whether there be such evidence was a question of law to be determined by the trial court, but its probative force and sufficiency, along with the testimony of the accomplice, to establish guilt beyond a reasonable doubt were questions for the jury. Berry v. State, 231 Ala. 437, 439, 165 So. 97.

■ The entire conduct of the accused may be surveyed for corroborative circumstances and if from them his connection with the offense may be fairly inferred the requirement of the statute is satisfied. 2 Wharton's Criminal Evidence, § 746.

■ And statements made by the defendant, in connection with other testimony, may afford corroboratory proof sufficient to sustain a conviction. 2 Wharton's Criminal Evidence, § 750.

■ The suspicious conduct of the accused may furnish sufficient corroboration

of the testimony of the accomplice. 22 C.J.S., Criminal Law, § 812, subsec. d, (3), p. 1404; Newsum v. State, 10 Ala.App. 124, 129, 65 So. 87; Crumbley v. State, 26 Ala. App. 24, 152 So. 55, certiorari denied 228 Ala. 45, 152 So. 57; Slayton v. State, 234 Ala. 1, 173 So. 642.

█ Nor need such corroborative evidence be strong, nor sufficient of itself to support the conviction, the criterion being that it legitimately tends to connect the accused with the offense. 22 C.J.S., Criminal Law, § 812, subsec. e, p. 1409.

█ Nor need such corroborative evidence directly confirm any particular fact stated by the accomplice. Skumro v. State, 234 Ala. 4, 170 So. 776.

█ Under some circumstances proof of proximity and opportunity is held to be sufficient in corroboration of an accomplice. Ross v. State, 74 Ala. 532; Crumbley v. State, 26 Ala.App. 24, 152 So. 55.

We have been greatly aided in our conclusions by the foregoing authorities, notably Slayton v. State, 234 Ala. 1, 173 So. 642, and Crumbley v. State, 26 Ala.App. 24, 152 So. 55. The corroborative evidence approved by these cases as sufficient for submission to the jury is not greatly different in character or effect from the evidence under consideration here. The conduct of the defendant in his obvious purpose to influence the cafe proprietor as to the identity of the negro (the accomplice according to this witness's testimony) "if anything (should) come up about it", his statement to this witness that the accomplice was not the negro he had been coming to Cullman with, and the other circumstances disclosed by the evidence are difficult to reconcile with the innocence of the accused. Such evidence, borrowing the language of the Slayton case, supra [234 Ala. 1, 173 So. 644], "was sufficient corroborating evidence, under the statute, to justify the submission of the case to the jury."

The foregoing disposes of the insistences of error argued by able counsel for appellant. It is added that we have given earnest consideration to the entire case, as is our duty, and fail to ascertain any error committed pending trial substantially prejudicial to the defendant. So the judgment must be affirmed.

Affirmed.