31 So.2d 82

**SORRELL v. STATE.**

**4 Div. 437.**

Supreme Court of Alabama.

June 19, 1947.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

A. L. Patterson, of Phenix City, for appellant.

SIMPSON, Justice.

The appellant was convicted of murdering her husband, Elmer Sorrell. She was not present at the scene of the crime and the evidence implicating her came from the testimony of one Joe Avery, a negro who was the actual perpetrator and who admitted guilt.

The pivotal point is whether or not there was sufficient corroborative evidence

of the accomplice's testimony to take the case to the jury. This, of course, was a question of law for the determination of the court. Smith v. State, 230 Ala. 413, 161 So. 538; Skumro v. State, 234 Ala. 4, 170 So. 776; Slayton v. State, 234 Ala. 1, 173 So. 642.

The defendant and her husband were white people living on the outskirts of Phenix City, Alabama, and the negro, Avery, occupied one room of their three-room "shotgun" house and was employed by the deceased as a hired hand. The night he was killed Sorrell had about $75 in money on his person, which was missing when the body was found. He met his death on his return trip from taking Avery to be treated by a doctor in a nearby community. The body was discovered the same night and the officer who found it reported the fact to appellant, who cried some and then mentioned something about looking for his insurance policies, whereupon the officer stated he was not the undertaker or insurance man, but an officer of the law. Avery was arrested the same night and first claimed innocence. A few days later he changed his story and implicated appellant, claiming she had asked him to kill her husband and threatened certain things against him if he did not execute her commands, and that on the return trip from the doctor's he killed Sorrell by hitting him on the head several times with a tire tool.

The appellant denied the accusation of Avery and the record clearly reflects that she assumed a rather ingenuous and forthright attitude toward all phases of the investigation.

It is argued for the State that the following is sufficient corroborative evidence: (1) That Sorrell had burial and life insurance and her general mention of it on the night of his death. (2) A photograph of appellant among the personal effects of the accomplice. (3) A statement of one witness that appellant had been seen at times in the company of negroes. (4) That Avery was once seen rubbing appellant's neck with liniment when she was partially disrobed. (5) A statement of appellant in jail that "she was getting tired of all this mess and she would just go on to the penitentiary if it wasn't for her mother and daddy." (6) Testimony of the doctor corroborating Avery's statement of the visit to his office the fatal night. (7) The possession of money by Sorrell and its absence when the body was found. (8) Proof that, while in jail, appellant wrote one Harvey Wade a letter of an amorous nature indicating some affection for him. (9) Proof that some years previously appellant had suggested to the probation officer that her husband's parole be revoked because he was drinking and throwing away his money.

■ The principle controlling is well understood and of almost universal application. The corroboration necessary to support the testimony of an accomplice must be of some fact tending to prove the guilt of the accused. It is not sufficient if it is equivocal or uncertain in character and must be such that legitimately tends to connect the defendant with the crime. It must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt. Code 1940, Title 15, § 307; authorities, supra; Berry v. State, 231 Ala. 437, 165 So. 97; Malachi v. State, 89 Ala. 134, 8 So. 104; Crumbley v. State, 26 Ala. App. 24, 152 So. 55, certiorari denied, 228 Ala. 45, 152 So. 57; Marler v. State, 67 Ala. 55, 42 Am.Rep. 95; Cheatwood v. State, 22 Ala.App. 165, 113 So. 482; certiorari denied, 216 Ala. 692, 113 So. 915; Slayton v. State, 27 Ala.App. 422, 173 So. 632; Id., 234 Ala. 1, 173 So. 642; 6 Ala.Dig., Crim. Law, ☜511; Roath v. State, 185 Ark. 1039, 50 S.W.2d 985; People v. Kempley, 205 Cal. 441, 271 P. 478; State v. Jones, 95 Mont. 317, 26 P.2d 341, 343; State v. Laris, 78 Utah 183, 2 P.2d 243, 246; 2 Wharton, Criminal Evidence §§ 742-752 (11th ed.).

■ We think the following text soundly states the principle and is particularly applicable to the case at bar: "* * * the proper test in determining whether there was sufficient corroboration of the testimony of an accomplice, according to statutory requirements, is first to eliminate the evidence of the accomplice and then, if upon examination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration." 2 Wharton, Criminal Evidence § 752, 11th Ed.

294

█ It is clear that the recited facts were insufficient, under these settled rules, to sustain the conviction. There was no evidence, other than Avery's testimony, to connect the defendant with the crime. We are not so sure that without Avery's testimony this other evidence even raised a suspicion of guilt. If true, it only indicated some baseness of character or a desire at some previous time for the parole authorities to take charge of her husband, but even so, this is not proof connecting her with his murder. There was nothing to show malice or ill will toward her husband nor of any threats of any kind made against him and, if such other evidence be conceded of probative value, it merely went to show motive, if anything, and proof of motive alone does not satisfy the statute. Slayton v. State, supra; 22 C.J.S., Criminal Law, § 812d(1), p. 1402.

True, there are circumstances in the case which might be calculated to arouse the curious mind to wonder why they occurred, if defendant were wholly innocent of wrongdoing, but when considered in the light of the governing principles of law above deduced, it is clear the evidence was wanting in the legal requisites necessary to sustain the conviction. The conviction rested on surmise, speculation and conjecture, and the ends of justice require us to enter a reversal for the refusal of the trial court to give the general affirmative charge requested by the defendant.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.

A. A. Carmichael, Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.