329 So.2d 635

**Billy Joe MOORE**

**v.**

**STATE.**

**8 Div. 694.**

Court of Criminal Appeals of Alabama.

March 30, 1976.

Richard D. Shinbaum, Anniston, for appellant.

William J. Baxley, Atty. Gen., and Milton C. Davis, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted along with Anthony C. Baker for the first degree murder of Emmett Phillip Hillis, "by shooting him with a pistol." Following a jury trial the appellant was found guilty of murder in the first degree, and his punishment fixed at life imprisonment. The trial court then entered a judgment in accordance with this verdict.

Robert E. Hancock testified that on February 19, 1975, he was called to investigate a homicide reported around Whitesburg Bridge, in Morgan County, Alabama. He testified that he arrived at the scene about 9:20 and found a 1966 Red Pontiac Lemans pulled into a field off a main road known as River Loop Road. He stated that the interior of the vehicle had been burned. He stated he found the body of the victim lying on his back on the right-hand side of the vehicle. He stated that the victim's head was about 30 inches from the right front wheel and that his right leg was in a semi-drawn position. He stated that the victim's body lay in a pool of blood and he noticed several bullet wounds in the face and head.

He testified that upon further investigation he determined that the victim was Emmett Phillip Hillis and he identified several photographs made at the scene. Officer Hancock further identified a .22

caliber H & R nine-shot target pistol blue steel and scabbard which pistol and scabbard he found inside a plastic bread sack when taken to the location by one Wayne Broad. No fingerprints were found upon the pistol. He testified that no fingerprints were found of either the appellant or of Anthony Baker in the Pontiac car. He further stated that examination revealed that the victim had been beaten before he was shot and it was determined that a wind breaker jacket which was removed from the body of the victim belonged to Anthony Baker.

Van B. Pruitt, Jr., State Toxicologist, testified that he examined the body of a Caucasian male on February 19, 1975, at the Laughlin Funeral Home in Huntsville and found at least five gunshot wounds on the body with several to the head and brain area, and that based upon his examination he determined that death was caused by "multiple gunshot wounds to the head which damaged the brain." He testified that some slugs were found which were from a small caliber pistol. He testified that the victim was one Emmett Phillip Hillis and that a blood alcohol test revealed a .10% ethyl alcohol in the blood.

Sergeant Hancock was recalled and identified a closed pocket knife found in the right front pants pocket of the victim which was identified as belonging to Anthony Baker.

Wayne Broad testified that he lived in February of 1975 at 211 Abbyton, Huntsville, Alabama. He testified that he knew the appellant Billy Joe Moore and Anthony C. Baker. He testified he went to the funeral of the deceased Emmett Phillip Hillis. He testified that on the night of February 18, 1974, the appellant Billy Joe Moore and Anthony Baker came to his home while he was watching television and told him that they "needed an alibi" and that he talked with them in the kitchen and that they had come by about 11:20 that evening. He stated that the appellant told him that they had "stole a car and they needed an alibi for the police from 8:30 to 11:30." He stated the two men left and he did not see them until the next morning when he learned of the death of Emmett Phillip Hillis. He stated that the two men came back to talk with him and that Billy Joe Moore stated on the morning of February 19, 1975, "Billy Joe told me they killed E. P. Hillis. I thought he was joking." He said, "That's why we needed an alibi," and they "hid the gun out behind my house, that it was hidden between two power poles and they showed me where it was." He stated that the appellant further said that morning, "Billy Joe said he shot him nine times in the head." R.P. 46

Broad testified that later he went out between the power poles where the two men told him the gun was and dug it up and that it was in a plastic bag in a holster and that he then carried it out near his mother's and hid it in some woods. He stated that this was on Wednesday morning and that the funeral was two days later on Friday. He stated that he next talked to the two men after the funeral and that they were on their way to a billiard hall when they told him most of what had happened about the killing of E. P. Hillis. He stated that the appellant told him that they stole a car up somewhere above Huntsville and were going to rob a beer joint near Whitesburg Bridge but that it turned out to be closed. He said that the victim E. P. was following himself and Baker in another car when Billy Joe told Baker "I believe I'll kill that S.O.B." He said that Baker replied,

"Anthony—Anthony said, 'There ain't a hair on your ass if you don't.' "

He stated that Moore then said that they stopped the cars and that the appellant shot E. P. with a pistol and that he said "No, Billy, don't," and that he shot him three or more times in the face. He said that they then rolled the victim over and took Baker's jacket and put it on the vic-

tim after throwing the victim's coat in the river and that the two men laughed about the shooting.

On cross-examination Broad testified that he had been brought in for questioning about the matter and that he told the officer he had talked to his lawyer and that his lawyer told him that if he didn't tell the truth, he would get as much time as the other two men and that he then went and dug up the pistol and holster and gave them to Officer Hancock. He further testified that he was married to the sister of defendant Anthony Baker.

Oscar Thomas Baker testified that he was the father of the defendant Anthony C. Baker. He testified that his son and the appellant Billy Joe Moore were both indicted for the first degree murder of Emmett Phillip Hillis. He testified that after learning of the death of Hillis in February, that his son and appellant came by his home about 4:30 one afternoon. He stated that in his presence after knowing that the two men had been arrested for the offense in question, that Moore stated, "I did it myself, you ain't got nothing to worry about. I'll clear Anthony because he didn't have anything to do with it." Moore further stated, "Anthony never touched the gun," and that Moore had put nine bullets in him. He further stated that the two men said they were going to leave and give the police a statement about it.

The appellant's motion to exclude the State's evidence was overruled. The appellant presented no testimony at trial.

## I

■ During closing argument—R.P. 79—the following occurred:

"(WHEREUPON MR. MOEBES MADE CLOSING STATEMENTS TO THE JURY ON BEHALF OF THE STATE OF ALABAMA AND THE FOLLOWING OBJECTIONS WERE MADE:)

*   *   *   *   *   *

"MR. KEMPANER: Your Honor, I object and would respectfully move for a misstrial on comment from the Counsel of the failure of the Defendant to take the witness stand.

"THE COURT: Overruled."

The appellant contends that the above constitutes reversible error as being a comment on the failure of the appellant to testify at trial.

Without doubt, any reference to a failure of the accused to take the stand and testify or offer evidence in his behalf constitutes reversible error. Title 15, Section 305, Code of Alabama 1940. *Broadway v. State*, 257 Ala. 414, 60 So.2d 701.

In this case however we have only the fragmentary objection, above shown, which fails to set forth the alleged improper argument. Inasmuch as the law clearly requires that defense counsel set forth in his objection the alleged improper argument and have same recorded in the record and ruled upon by the trial court, we are unable to predicate error on the record as presented to us in this cause. The above objection is insufficient to invoke our review. *McClary v. State*, 291 Ala. 481, 282 So.2d 384.

## II

■ Appellant contends that this cause should be reversed as the defendant may not be convicted upon the uncorroborated testimony of an accomplice, Title 15, Section 307, Code of Alabama 1940. In the first instance, the record does not establish Wayne Broad to be an accomplice in this case. However, conceding him to be such for the sake of argument, there is ample other testimony from the investigating officers, and the father of Baker, to support the conviction in question. *Sorrell*

*v. State,* 249 Ala. 292, 31 So.2d 82; *Wyatt v. State,* 51 Ala.App. 226, 283 So.2d 675; *Bridges and Rogers v. State,* 52 Ala.App. 546, 295 So.2d 266.

We have carefully examined this record and find no error therein. The judgment of the trial court is due to be and the same is hereby

AFFIRMED.

All the Judges concur.