CATES, Presiding Judge.
Murder, first degree: sentence, life imprisonment.
Perry was found guilty on the testimony of one W. A. Stephens. The latter was the admitted owner of the pistol which Perry used to kill Buddy Jim Hutchins. Hutchins was shot in his trailer near Arab early one morning in August, 1975. It is inferable that he was asleep.
Stephens, who had ridden in. Perry’s car with him from Gadsden, saw Perry unlock the trailer, heard a shot and shortly thereafter was shown Hutchins’ body by Perry. Stephens testified he had to threaten Perry that he would throw a knife Indian fashion at Perry unless the latter gave him his pistol back. The threat was successful. Stephens had not tried vigorously to get the gun back beforehand.
According to Stephens’ account, however, he did nothing to aid, abet or encourage Perry. Nor did he know of, nor do anything in furtherance of Perry’s killing. Perry did not testify. Thus Stephens was not refuted except to the extent that cross examination may have impinged on his credibility.
*896 The trial judge, sua sponte, covered Code 1940, T. 15, § 307 as to the definition of an accomplice and the extent of corroboration required where an accomplice testifies for the prosecution. In this state of the case the jury were the judges of whether in fact Stephens was an accomplice of Perry.
Having examined the entire record we consider that Stephens’ complicity vel non was a fact question and not one of law. Therefore, the trial judge did not err in denying the defendant’s motion to exclude because of the State’s not corroborating to the extent required under the facts in Sor-rell v. State, 249 Ala. 292, 31 So.2d 82.
The judgment below is
AFFIRMED.
All the Judges concur.