HARRIS, Judge.
Appellant was convicted of the crime of forgery and the Court sentenced him to three years in the penitentiary. At arraignment, in the presence of his counsel, he pleaded not guilty. After sentence was imposed, notice of appeal was given in open court. Appellant was found to be indigent and a free transcript was furnished him. Trial counsel was appointed to represent appellant on this appeal.
The evidence was in sharp conflict. When the State rested appellant moved to exclude the State’s evidence which motion was overruled. He also requested the affirmative charge and this request was refused. It took the jury only eleven minutes to return a verdict finding the defendant guilty as charged in the indictment.
Lester Williams testified that he accepted a Posey-Kilcrease, Inc. check drawn on Central Bank of Montgomery. He accepted the check in early January, 1977. Williams testified that three people brought the check to his place of business in Andalusia, Alabama, and that appellant was one of the three men. He stated that the three men all arrived in the same automobile and they came into his repair shop together. He further testified that one of the trio, a man named Hilliard, presented the check to him for the purchase of an automobile transmission. The amount of the check was in excess of the cost price of the transmission and he gave Hilliard the difference in the price of the transmission and the amount of the check. He deposited the check to his account in a local bank and the check was later returned to him. His bank account was charged in the amount of the returned check. The amount of the check was $226.42, payable to A. B. Morgan, and was purportedly signed by Taylor Kilcrease.
Taylor Kilcrease, Vice President of Po-sey-Kilcrease, Inc., testified that on January 5,1977, his office in Brantley, Alabama, was broken into and eleven checks and a check writing machine were missing. He stated that eight of the eleven checks were blank. He further testified that check number 595 was one of the blank checks missing after the break-in and he identified State’s Exhibit No. 1 as that missing check. He said the signature on this check was not his signature and that he did not authorize anyone to sign his name to the check, nor did he authorize anyone to publish the check.
James Hilliard, an accomplice of appellant, testified that he, David Powell and *682 appellant went together in an automobile to the Posey-Kilcrease, Inc. office on January 5, 1977, in Brantley, Alabama. He stated that he and appellant got out of the car and broke into the building with a tire tool. He said he got the checks and appellant got the check writing machine. Hilliard said they were all drinking.
Hilliard further testified that the next day he, Powell and appellant went to Lester Williams’s place in Andalusia to buy a transmission. He stated that before they left for Andalusia, he said in the presence of appellant that they were going to cash one of the checks. Hilliard identified State’s Exhibit No. 1 as the check he presented to Williams. He said that the difference in the cost price of the transmission and the amount of the check was given to him by Mr. Williams and that the three of them divided the money. Hilliard further stated that at the time he signed Taylor Kilcrease’s name to the check all of them were in the automobile; appellant was not passed out nor was he asleep.
Appellant offered into evidence a handwritten note by Hilliard to appellant in which Hilliard stated that appellant was asleep the entire time that the alleged forgery took place.
Appellant denied that he engaged in the forgery made the subject of the indictment and that he was stone drunk the entire time of the transaction related by Hilliard. He said he had absolutely no recollection as to taking the check writing machine as he was drunk.
Appellant testified that none of the writing on the check in question was his; that he remembered being in the car with Hilli-ard and Powell on the night of January 5, 1977, but he was stone drunk and could not recall anything in connection with the break-in or the theft of the check writing machine.
Appellant also testified that he remembered getting in the car with Hilliard and Powell the next day but he didn’t remember talking about any checks. He said he did get out of the car at Lester Williams’s place and that he saw a bunch of cars there, tires and junk of all types as he walked around.
Appellant rested his case after the testimony of one character witness.
The State called appellant for further cross-examination over appellant’s objections that both sides had rested and this procedure was not in rebuttal. The Court overruled the objection. The State asked appellant about other transactions involving the stolen checks. Appellant denied trying to pass another check at Harold’s Discount in Andalusia immediately following the transaction with Lester Williams. The Court gave appellant’s counsel a standing objection to each of these questions by the District Attorney.
The State recalled Hilliard and he testified that appellant handed him the check in question from the console of the car after appellant handed him one check the amount of which was too small.
On cross-examination Hilliard testified that the note which he sent to appellant was not wholly true. He stated that appellant was drunk and passed out some of the time, but not all of the time. On redirect examination Hilliard testified that after leaving Lester Williams’s place they all went to a discount stereo place. He said appellant took one of the checks and tried to buy a stereo.
Over appellant’s objections the State then called Harold Grimes in rebuttal. He stated that he was in the mattress and retail furniture business in January, 1977. He recalled three men driving up in an old car on a Thursday some time in January. He said they came in his place together and one of them was interested in a stereo. Grimes stated that the man tried to pay for the stereo with a check which was considerably larger in amount than the price of the stereo. He stated that he thought the check was written on a Posey Lumber Company in Brantley, Alabama. Grimes said that the person attempting to make the purchase was fairly tall, thin, and red-headed. Grimes stated that he could not and would not positively say whether appellant *683 was or was not the man who attempted to pass the check for the purchase of the stereo.
The law in Alabama is well settled that an accused cannot be convicted on the uncorroborated testimony of an accomplice. Title 15, Section 307, Code of Alabama 1940.
In Sorrell v. State, 249 Ala. 292, 31 So.2d 82, the Supreme Court held:
“The principle controlling is well understood and of almost universal application. The corroboration necessary to support the testimony of an accomplice must be of some fact tending to prove the guilt of the accused. It is not sufficient if it is equivocal or uncertain in character and must be such that legitimately tends to connect the defendant with the crime. It must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt.”
In Miller v. State, 290 Ala. 248, 275 So.2d 675, the Court said:
“. . . The proper test for determining whether there was sufficient corroboration of the testimony of an accomplice has been set out in Sorrell v. State, 249 Ala. 292, 31 So.2d 82 (1947). The Court held that, first, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration . . .”
In Senn v. State, Ala., 344 So.2d 192, released on February 25, 1977, Mr. Justice Bloodworth, writing for a unanimous Court, said:
“The corroboration which is sufficient to support the accomplice’s testimony must be of some fact tending to prove the guilt of the defendant.”
In Kimmons v. State, Ala.Cr.App., 343 So.2d 542, Judge Bowen reviewed a great number of cases dealing with this subject. He held:
“The process of analyzing the evidence to determine if there has been sufficient corroboration of an accomplice (or accomplices) is one of subtraction. That is, the trial court, on proper motion, as a matter of law is required to take away the evidence of the aceomplice(s) and determine whether the rest of the testimony is sufficient to tend to connect the defendant with the commission of the offense.” In Kimmons, supra, it was further held: “Being in the company of an accomplice in proximity in time and place to the commission of the crime is not always sufficient to meet the requirements of our statute.”
When we subtract the accomplice Hilli-ard’s testimony there is no evidence left which tends to connect appellant with the commission of the offense charged in the indictment. At best there is only suspicion that he participated in the commission of the offense. This falls far short of the rule in the above cited cases. Appellant was due the affirmative charge.
Reversed and Remanded.
All the Judges concur.