DeCARLO, Judge.
Appellant was adjudged guilty of burglary in the third degree and theft of property in the first degree and sentenced to fifteen years. He claims that he was convicted on the uncorroborated testimony of an accomplice, Richard Carter.
Carter testified that on June 28, 1980, he and two or three other companions went to the Big Warehouse in Attalla, climbed through the roof and took four television sets. When Carter displayed some reluctance to implicate the appellant, the State claimed surprise and was allowed by the trial judge to impeach the witness with a prior statement made to sheriff’s deputies. The statement clearly indicated that appellant had taken part in the burglary of the warehouse and theft of the televisions.
After a question by the State concerning whose vehicle was drivén to the warehouse, the following occurred:
“A. I don’t know whose car it was. “DEPUTY DISTRICT ATTORNEY MARTIN: Your Honor, I think it is only fair that I tell that witness that he is under oath now and he is subject to the laws of perjury if he is not going to tell the truth. He certainly is.
“THE COURT: Do you understand that, Mr. Carter?
“A. No, sir.
“THE DEFENDANT: They was in my car, your Honor.
“DEPUTY DISTRICT ATTORNEY MARTIN: Now, are you going to answer the question? Whose car were you in? “A. I told them I didn’t know whose car it was. As far as I know it was either Benny’s or Ruby’s or somebody’s “DEPUTY DISTRICT ATTORNEY MARTIN: Well, who ordinarily drove that ear?
“A. Benny and Ruby.”
Tammy Jones, appellant’s cousin by marriage, testified that on the date in question she went to appellant’s house to babysit with his children. When she arrived at the residence, appellant and his wife, Richard Carter and his wife, and three other people were present. After a while, appellant, Carter, and two other men left. They returned two hours later with four television sets. The witness testified that “all of them” discussed how “they” had broken into the Big Warehouse and had taken the television sets. The witness did not remember who made the statements but she recalled that appellant was present.
Richard Carter’s admitted and undisputed participation in the burglary and theft renders him an accomplice as a matter of law, see Jacks v. State, 364 So.2d 397 (Ala. Cr.App.), cert. denied, 364 So.2d 406 (Ala. 1978), whose testimony required corroboration, Ala.Code § 12-21-222 (1975).
*234 In our judgment, Carter’s story was corroborated by the testimony of Tammy Jones and by the spontaneous outburst of appellant himself quoted above. Mrs. Jones’ testimony that Carter, the appellant, and two companions left appellant’s house and returned with four television sets “tends to connect” appellant with the burglary and theft. See Leonard v. State, 43 Ala.App. 454, 192 So.2d 461 (1966). In addition, Mrs. Jones’ statement that “all of them,” including the appellant, were discussing the burglary of the warehouse and theft of the property after they returned two hours later ties appellant to the offense. See Staton v. State, 397 So.2d 227 (Ala.Cr.App.), cert. denied, 397 So.2d 232 (Ala.1981); Moore v. State, 30 Ala.App. 304, 5 So.2d 644 (1941). Finally, appellant’s own utterance to the court, “They was in my car, your Honor,” provides an additional circumstance linking him to the offense.
The judgment of conviction by the Eto-wah Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.