The defendant was convicted for three counts of criminal possession of a forged instrument and sentenced to fifteen years' imprisonment to run consecutively on each count.
 I
The evidence adduced by the state tended to show that appellant, Denise Parker, Robin Parker, and Belinda Sue White formed a conspiracy to make some "quick money." Robin Parker, at the direction of appellant, obtained a duplicate driver's license bearing the name of Sharon Lindsey. She gave the license to appellant. Appellant and Robin Parker later took Ms. White to the courthouse in Opelika, gave her a birth certificate in the name of Sharon Lindsey, and told her to get a duplicate driver's license with it. She, too, gave the duplicate license to appellant.
Later, appellant, Ms. White and Robin Parker sorted about a hundred Pensions and Security checks drawn in the amount of one hundred forty-eight dollars and bearing the name of Sharon Lindsey. The checks *Page 1217 
were sorted into good and bad piles depending on whether they were made out correctly. Appellant, Ms. White, Robin Parker, and Denise Parker then cut out the checks with a hammer and a cutting tool.
The following night they all drove to Montgomery. Ms. White went into a Super Foods Store and took one of the checks they had cut along with the driver's license she had gotten and a social security card appellant had given her bearing the name of Sharon Lindsey. She forged Sharon Lindsey's name on the back of the check and used it to pay for some merchandise. She gave the remaining balance to Denise Parker. Ms. White followed the same procedure at two Winn-Dixie Food Stores and at ten or eleven other stores. She and Denise Parker then checked into the Days Inn for the night.
In the meantime, Robin Parker and appellant went to Gayfers, where appellant instructed Robin to purchase a coat for fifty dollars. She cashed a forged check and gave appellant the balance. They followed the same or a similar procedure at a number of other stores in Montgomery before driving to Birmingham for the night. Appellant registered them at the Econo-Travel Motel in Birmingham under the name of Lanny Rhyne.
They all returned to Denise Parker's apartment in Phenix City the next night. Robin Parker burned the driver's license and social security card and received five hundred dollars in cash from appellant. Denise Parker and Ms. White also received payment of some money in cash but appellant retained most of it.
Other witnesses for the state included Ted Payne, an investigator for the Alabama Bureau of Investigation, who testified that appellant, after being advised of his Miranda
rights, told him he was also known as Lanny Rhyne. Appellant signed a Consent to Search Waiver Form, and a bottle of opaque used by printers was found in his truck. Appellant also consented to his room being searched and in it the police found an assortment of order books for printing paper, an order book for determining how to mix inks, a wrapper for printing paper, part of a printing apparatus, an assortment of pieces of paper cut out of address labels with the type asterisks found on the counterfeit checks, a piece of paper with the address of 701 Fountain Street on it (the address of the checks), check stubs with the name Lanny Rhyne on them, a check stub from a Pensions and Security check issued to Denise Parker and a pill vial bearing the name of Denise Parker. Appellant told the police he was a printer and explained how to use magnetic ink so that the checks would go through the bank computer.
 II
Initially, appellant argues that the evidence is insufficient to support the verdict because the conviction rests on the uncorroborated testimony of an accomplice, contrary to the provisions of Section 12-21-222, Code of Alabama 1975.
The question we must answer is whether the testimony, excluding that of accomplices Denise Parker, Robin Parker and Belinda Sue White, legitimately tends to connect appellant with the crime charged in the indictment. That is the test of the sufficiency of the evidence necessary to corroborate the testimony of an accomplice. Section 12-21-222, Code of Alabama 1975; Ex Parte Senn, 344 So.2d 192 (Ala. 1977); Staton v.State, 397 So.2d 227 (Ala.Cr.App. 1981).
Viewing the evidence in this case, we find at least five factors which, when combined, corroborate the accomplices' testimony and tend to connect appellant with the crime charged.
First, appellant himself testified that he used the alias Lanny Rhyne. Marion White of the Econo-Travel Motel in Birmingham testified that a Lanny Rhyne registered at the motel on December 18, 1981, with one other person. Robin Parker had testified earlier that she and appellant rode a bus to Birmingham and stayed at this motel after cashing checks in Montgomery. *Page 1218 
Second, Sharon Lindsey testified that she and appellant were friends.
Third, Carol Curlee, a latent print expert with the Alabama Bureau of Investigation, testified that certain fingerprints on the checks could have been made by no one other than appellant.
Fourth, Louis Miller, an investigator with the Dothan Police Department, testified that appellant used a similar check forging scheme in Dothan.
Finally, a search of appellant's apartment and truck revealed a bottle of opaque, order books for printing paper, order books for mixing inks, a printing apparatus, pieces of paper cut out of address labels with asterisks of the same type as those used on the forged checks, a check stub from Pensions and Security issued to Denise Parker and a pill vial with her name on it.
After carefully reviewing all the evidence, we find that appellant's conviction was not had on the uncorroborated testimony of an accomplice. Corroborative evidence need not "be strong, nor sufficient of itself to support the conviction, the criterion being that it legitimately tends to connect the accused with the offense." Moore v. State, 30 Ala. App. 304,307, 5 So.2d 644 (1941).
 III
Appellant also contends that the court committed reversible error by allowing his prior conviction to be mentioned during the redirect examination of state's witness, Ted Payne, an investigator for the Alabama Bureau of Investigation. We quote from the record:
"Q Why was the bond twenty thousand dollars?
 "A Because we knew that James had a connection in Rochester, New York, and we knew that he had a previous conviction, and we felt that he may leave.
"MR. JOHNSON: Your Honor, I object to that.
 "THE COURT: Sustained. That is stricken, ladies and gentlemen, anything about any previous conviction. They have a right to show, though, why his bond may have been higher than another bond."
As can be seen from the record the only objection came after the answer to the question. Where a question is answered before an objection is made, the objection comes too late and the court's ruling will not be declared in error without a motion to exclude and an adverse ruling. Hobbs v. State, 401 So.2d 276
(Ala.Cr.App. 1981). In the case at bar there was neither a motion to exclude nor an adverse ruling and thus nothing for this court to review.
 IV
Appellant further contends that argument by the prosecutor within the hearing of the jury after appellant's objection had been sustained constitutes reversible error. The record indicates that the circuit judge asked Ms. Brooks to state her grounds as to the relevancy of her question by saying: "I sustain the objection unless it has some relevancy to that." Appellant did not at that point object to this being argued before the jury.
The general rule is that improper argument of counsel is not grounds for a new trial or the subject of review on appeal unless the complaining party has moved that the offending remark be excluded from the jury's consideration. The trial judge is under no duty to exclude improper argument. See §12-22-241, Code of Alabama 1975, and comments thereto.
We have considered appellant's remaining argument, that the three indictments against him were not properly consolidated for trial, and hold this argument is without merit, since he and counsel agreed on the record to the consolidation.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is hereby affirmed.
The foregoing opinion was prepared by the Honorable JOHN D. SNODGRASS, Circuit Judge, temporarily on duty on the *Page 1219 
court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur. *Page 1220 
[EDITORS' NOTE: THE OPINION ORIGINALLY APPEARING ON THIS PAGE WAS WITHDRAWN AT THE REQUEST OF THE COURT.] *Page 1221 
[EDITORS' NOTE: THE OPINION ORIGINALLY APPEARING ON THIS PAGE WAS WITHDRAWN AT THE REQUEST OF THE COURT.] *Page 1222