BOWEN, Presiding Judge.
Edward Earnest Stephens, the appellant, was convicted for first degree robbery and was sentenced to 25 years’ imprisonment.
I
The appellant was not convicted on the uncorroborated testimony of an accomplice.
Rose Cotton testified that at approximately 12:15 on the morning of November 22, 1986, she was working at the Pizza Hut and was robbed by a man wearing an Ace bandage around his head and armed with a “small gun.” The robber got away with the “cash money” or “bills” from the cash register and the “change fund bag.” Ms. Cotton could not identify the robber.
James Crowder testified that he participated in the robbery, along with Daniel Barlow, Mitch Ryman, and the appellant. Crowder stated that the appellant was the actual robber.
Crowder’s testimony was corroborated by Bruce Hamilton who testified that, on the morning of November 22, 1986, between 1:30 and 4:00, the appellant came to his residence and asked Hamilton to give him a ride home because his car had broken down. Hamilton stated that he was “almost sure it was the 22nd,” but “cannot positively — because those days were running together.” The Pizza Hut was located at 115 East South Boulevard in Montgomery. Hamilton’s residence was about two blocks from the bypass. The appellant told Hamilton his car had broken down near the “old Shakey’s building,” which was 1½ blocks north of the bypass. However, in his testimony from a prior proceeding, the appellant stated that he was in Mitch’s car and it had broken down “over on Bucking *160 ham Drive,” which was IV2 blocks south of the bypass.
While driving the appellant home, Hamilton stopped at a service station to allow the appellant to purchase cigarettes. At that time, Hamilton noticed that the appellant’s billfold was “jammed full of money” and contained “forty, fifty bills.”
Annette Robinson testified that around November 1, 1986, the appellant threatened her with a small pistol.
The prosecution introduced a portion of the testimony the appellant had given at a prior proceeding. In that testimony, the appellant stated that he did not “catch a ride” with Hamilton on the 22nd of November but did on the 21st. He denied “owning” a pistol Or threatening Ms. Robinson on November 1st. He stated that he was an iron worker for a construction company and that he had “been off” from work for about a week before the robbery because of rainy weather.
In reviewing the sufficiency of the evidence where the conviction is based upon the testimony of an accomplice, this Court must eliminate the accomplice’s testimony and examine the remaining evidence to determine whether there is incriminating evidence tending to connect the defendant with the commission of the offense. Ex parte Scott, 460 So.2d 1371, 1373 (Ala.1984); Kimmons v. State, 343 So.2d 542, 546 (Ala.Cr.App.1977). This corroborative evidence “does not have to be sufficiently strong in itself to support a conviction, ... but ‘[i]t must be of a substantive character, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt.’ ” Thompson v. State, 374 So.2d 388, 389 (Ala.1979). However, “corroborative evidence does not have to be very strong, or even sufficient to support a conviction, but merely must logically tend to link the accused with the offense.” Scott, 460 So.2d at 373. See also Ex parte Bell, 475 So.2d 609, 613 (Ala.1985), cert. denied, Bell v. Alabama, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985); Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, Ex parte Andrews, 370 So.2d 323 (Ala.1979).
“Under some circumstances proof of proximity and opportunity is held to be sufficient in corroboration of an accomplice.” Moore v. State, 30 Ala.App. 304, 307, 5 So.2d 644 (1941), cert. denied, 242 Ala. 189, 5 So.2d 646 (1942). “So, proximity and opportunity, when, as in this case, the testimony tends to show the crime was committed at a very unreasonable hour, is a circumstance to be weighed by the jury, in determining the guilt or innocence of the accused. The tendency of each of these species of evidence, as far as they had any tendency at all, was to connect the defendant with the commission of the offense.” Ross v. State, 74 Ala. 532, 536 (1883) (accused placed at same house he is charged with burning).
“In certain instances, presence at the place of the crime is corroborative of the testimony of an accomplice. So, proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as unreasonableness of the hour, without reasonable explanation therefor, inclemency of the weather, lack of apparent reason for such presence, accused’s badly wounded condition, being in the company of the accomplice, ... subsequent flight, or subsequent denial of such presence.
“However, the mere presence of accused near the scene of the crime, without more, is not sufficient corroboration. So, where the circumstances are such that the presence of accused in the neighborhood of the crime is a natural occurrence, or there are no suspicious circumstances connected therewith, proof of such presence is not sufficient corroboration.” 23 C.J.S. Criminal Law § 812(4)(f) at pp. 118-19 (1961).
See also Dolvin v. State, 391 So.2d 133, 137 (Ala.1980).
Here, the factors corroborating the testimony of the accomplice are (1) the *161 appellant’s presence in the general area[1] of the recent robbery at an unusual hour, (2) the appellant’s unexplained possession of a large amount of “cash,” and (3) the appellant's subsequent denial of his presence. Here, as in Staton v. State, 397 So.2d 227 (AIa.Cr.App.), cert. denied, Ex parte Staton, 397 So.2d 232 (Ala.1981), it is the combination of these factors which tends to connect the appellant with the robbery. “While, in this particular case, no single factor is sufficient, their combination is adequate to satisfy the requirements of corroboration.” Staton, 397 So.2d at 231.
II
Defense counsel properly and specifically objected to the trial court’s failure to give the portion of a requested charge which stated that “[c]orroborated evidence must be of a substantive nature, must be inconsistent with the innocence of the accused, and must do more than raise suspicion of guilt.”
With regard to the corroboration of accomplice testimony, the trial court Charged the jury as follows:
“I would charge you that as a matter of law that the witness Crowder would be an accomplice in this case, and the law concerning that is as follows: A conviction for a felony cannot be had on the testimony of an accomplice, or numerous accomplices, unless such testimony is corroborated by other evidence tending to connect the Defendant with the commission of the offense. And the rule is that such other evidence, to be sufficient, must be believed by the jury beyond a reasonable doubt and to a moral certainty. If such other evidence merely shows the commission of the offense, or the circumstances thereof, without eonnect-ing the Defendant with the commission of the offense, such other evidence would not be sufficient and the Defendant could not be convicted.”
The oral charge of the trial court did not fairly and substantially cover the principle expressed in the charge requested by the appellant.
The portion of the appellant’s requested charge we have quoted above has long been recognized as a correct statement of the law. Thompson, 374 So.2d at 389; Sorrell v. State, 249 Ala. 292, 293, 31 So.2d 82 (1947); Slayton v. State, 27 Ala.App. 422, 427, 173 So. 632 (1936).
“[Ejvery accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.” Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978).
The trial judge should have instructed the jury as requested. His refusal to do so constitutes reversible error. Roy v. State, 375 So.2d 1289, 1291 (AIa.Cr.App.1979).
Ill
In the case-in-chief, the accomplice testified that the appellant had burglarized the appellant’s ex-wife’s house and had robbed a Texaco Service Station and a Zippy Mart.
Under the identity exception to the general exclusionary rule preventing the introduction of crimes not charged in the indictment, evidence that the accused committed other offenses may be introduced to prove that he committed the charged offense. C. Gamble, McElroy’s Alabama Evidence § 69.01(8) (3d ed. 1977). See Anonymous v. State, 507 So.2d 972, 973-74 (Ala.1987). In the event the appellant is *162 retried, we caution the prosecution against the use of evidence of other offenses not charged in the indictment unless that evidence falls within one of the recognized exceptions to the general exclusionary rule.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.

. The prosecution failed to present a clear picture of the actual proximity of the significant places in this case. The accomplice testified that the Pizza Hut was located between Court Street and Norman Bridge Road. Hamilton testified that he lived on Southmont Street, about two blocks from the bypass. Other testimony shows that the “change fund bag” from Pizza Hut was found near Kelly Lane. The prosecution did not specifically establish the exact distance of the Pizza Hut from Hamilton's rest-dence, that Southmont Street intersects Kelly Lane, that Court Street and Norman Bridge Road are one block apart, and that the Pizza Hut, Southmont Street, and Kelly Lane are all located between Court Street and Norman Bridge Road within a very short distance of each other. Despite these deficiencies in the State’s case, our review of the testimony convinces us that it would have been reasonable for the jury to find that each location mentioned was in the same general area.