Reuben Max Malone was convicted of driving under the influence of alcohol. His conviction was affirmed by the Court of Criminal Appeals. Malone v. City of Silverhill,575 So.2d 101 (Ala.Crim.App. 1989). This Court issued the writ of certiorari to determine if the admission of evidence of *Page 107 
Horizontal Gaze Nystagmus ("HGN") test results, without a proper predicate, was harmless error.
A lengthy statement of the facts is unnecessary because of the thorough statement and detailed description of the HGN test contained in the opinion of the Court of Criminal Appeals.
The Court of Criminal Appeals held that the HGN test satisfied the standards for the admissibility of novel scientific evidence set out in Frye v. United States,293 F. 1013 (C.A.D.C. 1923)[1], but that the State's failure to lay a predicate showing either the test's reliability or the scientific principles upon which it is based rendered the admission of evidence regarding that test error.575 So.2d at 104. However, the court held that that error did not require a reversal of Malone's conviction because the other evidence supporting his conviction was "overwhelming." 575 So.2d at 105.
We do not agree. As this Court stated in Ex parte Lowe,514 So.2d 1049, 1050 (Ala. 1987):
 "[T]he proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected. . . . Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P." (Citations omitted.)
The problem created by the improper admission of the HGN evidence is due to the scientific nature of the test and the disproportionate impact it might have had on the jury's decision-making process. As noted by the Court of Criminal Appeals, a jury " 'might give undue weight to [HGN] evidence since it may appear to lend the certainty of an exact discipline to problematic factfinding.' " 575 So.2d at 104
(quoting G. Lilly, An Introduction to the Law of Evidence 407 (1978). In light of these considerations and the adverse effect that the erroneous admission of the HGN test evidence might have had on Malone's right to a fair trial, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded. The Court of Criminal Appeals is instructed to remand this cause for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS and HOUSTON, JJ., concur.
[1] This Court has not been presented with sufficient evidence regarding the HGN test's reliability or its acceptance by the scientific community to determine if the Court of Criminal Appeals correctly determined that the test meets the Frye
standards. See Sides v. State, 574 So.2d 859 (Ala. 1990).