McMILLAN, Judge.
This is an appeal from a conviction for DUI. The appellant was sentenced to 60 days in jail, fined $350.00, and ordered to pay $25.00 to the Alabama Grime Victims Compensation Fund.
The appellant contends that the trial court erred in permitting the results of the horizontal gaze nystagmus (HGN) into evidence because, he says, a proper predicate for its admission was never laid. Specifically, the appellant contends “that the ‘science’ of HGN is not far enough advanced to permit it to run rampant in the courtroom by a trooper whose only exposure to the same is a ‘training program.’ ”
In the two companion cases of Ex parte Malone, 575 So.2d 106 (Ala.1990), and Ex parte Sides, 574 So.2d 859 (Ala.1990), our Supreme Court held, essentially, that the State’s failure to lay a proper predicate establishing either the HGN test’s reliability or the scientific principles upon which it is based, effectively precludes the admission of the test results into evidence, and that the admission of such results, without first laying a proper predicate, amounts to reversible error.
Therefore, because the record unequivocally shows that a proper predicate for the admission of the HGN test results was never laid, this case is due to be reversed and remanded for a new trial on the authority of Malone, supra, and Sides, supra.
REVERSED AND REMANDED.
All Judges concur.