We granted Grady Lee Greathouse's petition for the writ of certiorari to review the affirmance by the Court of Criminal Appeals of his conviction of unlawful distribution of a controlled substance, to address two issues: (1) whether a comment by a codefendant's counsel regarding Greathouse's election not to testify violated Greathouse's constitutional privilege against self-incrimination, and (2) if so, whether that comment requires reversal. We hold that the comment was improper but that it was harmless; therefore, we affirm.
The relevant facts are stated in the opinion of the Court of Criminal Appeals, which should be read in conjunction with this opinion. Greathouse v. State, 624 So.2d 202 (Ala.Cr.App. 1992). We recite only those facts necessary for a discussion of the issues raised in Greathouse's petition.
In a consolidated trial, Grady Lee Greathouse was tried for unlawful distribution of a controlled substance (crack cocaine), and his sister-in-law, Dorothy Faye Greathouse, was tried for unlawful possession of a controlled substance (crack cocaine). Dorothy Faye Greathouse's defense was that Grady Lee Greathouse had placed the crack cocaine in her purse when the police arrived at her house to execute a search warrant. Grady Lee Greathouse did not testify. During closing argument, counsel for Dorothy Faye Greathouse stated:
 "It would be a tragedy, if this woman at 40, is to be convicted of something that a drug dealer has put off on her. We don't have any explanation other than that. But somebody who does have an explanation, and you know who it is, all of us know who it is, didn't give it."
R. 257.
Counsel for Grady Lee Greathouse objected to this comment, and the trial court instructed the jury not to draw any inferences from what had not been proven at trial. Counsel for Greathouse then moved for a mistrial. The trial court denied the motion *Page 209 
on the ground that the comment was made by counsel for a codefendant, not by the prosecutor.
Dorothy Faye Greathouse was acquitted, but Grady Lee Greathouse was convicted and was sentenced to five years in prison. On appeal, the Court of Criminal Appeals held, in a question of first impression, "that where two or more defendants are joined for trial it is improper for a codefendant's attorney to comment upon a defendant's exercise of his constitutional privilege of self-incrimination by failing to testify at trial." 624 So.2d at 207. Nevertheless, that court affirmed the conviction and sentence, holding that the error was harmless because "the evidence of [Greathouse's] guilt was 'virtually ironclad.' " 624 So.2d at 207 (quoting in part Buchannon v. State, 554 So.2d 477, 482 (Ala.Cr.App.),cert. denied, 554 So.2d 494 (Ala. 1989), overruled on othergrounds, Pardue v. State, 571 So.2d 333 (Ala. 1990)).
Although the United States Supreme Court has not specifically addressed the prejudicial effects of such comments made by counsel for a codefendant, our research shows that almost all courts that have addressed the issue have held that such comments are improper and prejudicial. See D.R. Frank, Annotation, Comment on Accused's Failure to Testify, By Counselfor Codefendant, 1 A.L.R.3d 989 (1965 Supp. 1992). The leading case is De Luna v. United States, 308 F.2d 140 (5th Cir. 1962),reh'g denied, 324 F.2d 375 (5th Cir. 1963), in which the United States Court of Appeals for the Fifth Circuit noted that "[i]f comment on an accused's silence is improper for judge and prosecutor, it is because of the effect on the jury, not just because the comment comes from representatives of the State,"308 F.2d at 152 (footnote omitted), and held that "[t]he trial judge's approval of an improper comment or refusal to disapprove the comment and do whatever is necessary to protect a defendant from being penalized by relying on his constitutional right" is sufficient state action to implicate the Fifth Amendment. Id. at 154.
In subsequent cases, the potential scope of De Luna has been limited somewhat. For example, the United States Court of Appeals for the Eleventh Circuit has noted a distinction between a comment by a prosecutor, which "is in all likelihood calculated to encourage the jury to equate silence with guilt," and a comment "from an actor (such as counsel for a codefendant) without an institutional interest in the defendant's guilt," and has held that, in the latter case, "it would be inappropriate to find reversible error as a matter of course." United States v. Mena, 863 F.2d 1522, 1534 (11th Cir.), cert. denied sub nom. Tellez-Molina v. United States,493 U.S. 834, 110 S.Ct. 109, 107 L.Ed.2d 72 (1989). In Mena, the Eleventh Circuit held that there was no violation of the Fifth Amendment, because "[t]he lawyer's comments did not invite or require the jury to choose between the truth of [the codefendant's] story and the innocence of the non-testifying defendants." 863 F.2d at 1534. See also People v. Hardy,2 Cal.4th 86, 825 P.2d 781, 5 Cal.Rptr.2d 796 (1992), cert.denied, ___ U.S. ___, 113 S.Ct. 498, 121 L.Ed.2d 435 (1992). Generally, comment by counsel for a codefendant upon an accused's election not to testify "does not constitute reversible error where the reference is indirect and the defendants' positions are not antagonistic, or where there is substantial incriminating evidence against all defendants." 75A Am.Jur.2d Trial § 586, at 180 (1991) (footnotes omitted).
We are persuaded by the decided weight of authority to agree with the Court of Criminal Appeals that a comment by counsel for a codefendant upon a defendant's failure to testify is improper. In this case, if the comment had been made by a prosecutor, who would be seeking a conviction, the error would be reversible, because counsel for Dorothy Faye Greathouse directly commented on Grady Lee Greathouse's failure to testify, and, upon objection, the trial court did not adequately instruct the jury that the remark was improper and that Grady Lee Greathouse's exercise of his right not to testify "shall not create any presumption against him," Ala. Code 1975, § 12-21-220; see, e.g., Ex parte Purser,607 So.2d 301, 304-06 (Ala. 1992); Ex parte Wilson, 571 So.2d 1251,1265 (Ala. 1990); and cases digested at 7 Ala. Digest CriminalLaw Key No. 1171.5 (1979 *Page 210 
Supp. 1992). However, we are also persuaded by the Eleventh Circuit's reasoning in Mena that when such comments are made by counsel for a codefendant, "it would be inappropriate to find reversible error as a matter of course." 863 F.2d at 1534.
Having concluded, as the Court of Criminal Appeals did, that the comment was improper, we turn to the only other question presented — whether that comment was harmless. The Court of Criminal Appeals, in determining that the comment was harmless, applied what Greathouse contends is a rule of law in conflict with Ex parte Purser, 607 So.2d 301 (Ala. 1992), and Ex parteWilson, 571 So.2d 1251 (Ala. 1990), cases in which this Court reversed convictions because the trial court did not promptly cure a prosecutor's comments on the defendant's failure to testify.
Greathouse contends that the violation of a constitutional right can never be harmless. The United States Supreme Court has squarely rejected such a broad contention and has held instead "that there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." Chapman v. California,386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). Chapman
involved comments on the failure of defendants to testify at trial, as this case does.
In United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974,76 L.Ed.2d 96 (1983), the Court cited "the interest in the prompt administration of justice and the interests of the victims" in reversing the judgment of a lower federal appellate court for not applying the harmless error doctrine to a prosecutor's comment on a defendant's failure to proffer evidence to rebut testimony presented by the prosecution, when the defendant had elected not to testify. 461 U.S. at 509, 103 S.Ct. at 1980. In so holding, the Court observed that "[s]ince Chapman, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations," id. (citations omitted), and stated that the proper question for a reviewing court to ask is: "[A]bsent the prosecutor's allusion to the failure of the defense to proffer evidence to rebut the testimony of the victims, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?" Id. at 510-11, 103 S.Ct. at 1981.
Our harmless error rule provides in pertinent part:
 "No judgment may be reversed or set aside . . . on the ground of misdirection of the jury . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Rule 45, Ala.R.App.P.
This rule provides for "an examination of the entire cause" and, like both the California constitutional provision and the federal statute compared in Chapman, it emphasizes errors "that 'affect substantial rights' of a party." Chapman,386 U.S. at 23, 87 S.Ct. at 828. Furthermore, Rule 45, like all the rules of appellate procedure, "shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits." Rule 1, Ala.R.App.P. Also, Rule 1.2 of the Alabama Rules of Criminal Procedure provides that the rules of criminal procedure "are intended to provide for the just and speedy determination of every criminal proceeding," and "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare." The statements of the purpose of the Rules of Criminal Procedure and the Rules of Appellate Procedure, and how each set of rules should be construed, are consistent with the statement of law made by the United States Supreme Court in Hasting, that "the interest in the prompt administration of justice and the interests of the victims" can be considered in determining whether an error in a criminal case is "harmless." *Page 211 
As the Court of Criminal Appeals recognized, this Court has held that " '[o]verwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P.' "Ex parte Malone, 575 So.2d 106, 107 (Ala. 1990) (quoting Exparte Lowe, 514 So.2d 1049, 1050 (Ala. 1987)); see also Ex parteJohnson, 507 So.2d 1351, 1356 (Ala. 1986). In Malone, this Court held that the admission of evidence of scientific test results without the laying of a proper predicate was not harmless. In that case, this Court discussed why the jury's consideration of the test results could have affected its determination on the issue of guilt. This Court specifically held that the improper admission of the evidence of the test results might have adversely affected the defendant's right to a fair trial and, therefore, that the admission of that evidence required a reversal of his conviction. In this case, the Court of Criminal Appeals determined, based upon its review of the record, that the comment by the codefendant's counsel did not have such an adverse effect and that "the evidence of [the defendant's] guilt was 'virtually ironclad.' " 624 So.2d at 207.
In Wilson, this Court, quoting Chapman, 386 U.S. at 24,87 S.Ct. at 828, stated that " 'before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.' "571 So.2d at 1264. Applying that rule of law to the facts of this case, we conclude, as did the Court of Criminal Appeals, that the record shows that the evidence of guilt is "virtually ironclad"; therefore, we agree with the Court of Criminal Appeals that the comment did not affect the outcome of the trial or otherwise prejudice Greathouse's right to a fair trial.
We answer in the affirmative the question posed inWilson: Whether it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty had counsel for the codefendant not commented on the defendant's failure to testify. Therefore, we conclude, as did the Court of Criminal Appeals, that the comment was harmless. That court's judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.