I respectfully dissent from the majority's holding that the admission of evidence of HGN test results was harmless error.
The majority acknowledges that the admission of similar evidence was held not to be harmless error in Ex parte Malone,575 So.2d 106 (Ala. 1990), and in Sides v. State, 574 So.2d 856
(Ala.Cr.App.), aff'd, 574 So.2d 859 (Ala. 1990). The majority then states:
 "The courts in those cases held that a harmless error finding was inappropriate because the evidence remaining after eliminating the HGN evidence was not undisputed or overwhelming, and because the jury might have given the HGN evidence undue weight because it appeared to be certain and scientific evidence rather than 'problematic factfinding.' "
The majority distinguishes these two cases from this case because the evidence in this case is overwhelming that the appellant was intoxicated.
I believe the majority misconstrues the holdings inMalone and Sides. In Malone, the Alabama Supreme Court stated:
 "The problem created by the improper admission of the HGN evidence is due to the scientific nature of the test and the disproportionate impact it might have had on the jury's decision-making process. As noted by the Court of Criminal Appeals, a jury ' "might give undue weight to [HGN] evidence since it may appear to lend the certainty of an exact discipline to problematic factfinding." ' [Malone v. City of Silverhill,] 575 So.2d [101] at 104 [(Ala.Cr.App. 1989)] (quoting G. Lilly, An Introduction to the Law of Evidence 407 (1978))."
575 So.2d at 107. Recently, the Alabama Supreme Court explained the harmless error doctrine in the context of scientific tests:
 " 'Harmless error' is defined as 'an error which is trivial or formal or merely academic and was not prejudicial to the substantial rights of the party assigning it and in no way affected the final outcome of the case.' Black's Law Dictionary
718 (6th ed. 1990). In order to secure a reversal of a judgment, an appellant not only must show error, but also must demonstrate that the error resulted in a substantial injury. Rule 45, A.R.App.P. Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45. Ex parte Lowe, 514 So.2d 1049 (Ala. 1987).
"In a case somewhat similar to this one, Malone v. City ofSilverhill, 575 So.2d 101 (Ala.Cr.App. 1989), involving a prosecution for driving under the influence of alcohol, the Court of Criminal Appeals held that the erroneous admission of the results of an 'HGN' test without a proper predicate was harmless error because there was other overwhelming evidence of guilt. We reversed, holding that the erroneous admission of the results of an 'HGN' test without a proper predicate required reversal, regardless of the other evidence of guilt. Ex parteMalone, 575 So.2d 106 (Ala. 1990). Specifically, we stated that the problem with the improper admission of the evidence was attributable [']to the scientific nature of the test and the disproportionate impact it might have had on the jury's decision-making process.' 575 So.2d at 107.
" ' "Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." ' Ex parte Greathouse,624 So.2d 208 (Ala. 1993), quoting Chapman v. California,386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1982 [1967]). We hold that the admission of the DNA evidence was not harmless beyond reasonable doubt. The prejudicial impact of both DNA 'matching' evidence and DNA population frequency statistics creates such a possibility for prejudicial impact upon the jury that the admission of DNA evidence without complying with [Exparte] Perry [586 So.2d 242 (Ala. 1991)] can never be harmless error. Perry sets out the predicate for properly admitting DNA evidence, and it must be followed in order to ensure the reliability and trustworthiness of the evidence. Theprejudicial impact of scientific testimony, such as thatrelating to DNA, can unduly influence a jury; it must have aproper foundation before it is presented." *Page 427 
Ex parte Hutcherson, 677 So.2d 1205, 1209 (Ala. 1996) (emphasis added).
To date, the Alabama Supreme Court has not allowed the admission into evidence of the results of an HGN test in a trial because the test has yet to be shown to be scientifically reliable. Contrary to the City of Montgomery's contention in its brief that the HGN test has been accepted as a valid scientific test, the Alabama Supreme Court has stated:
 "[T]his Court concludes that the Court of Criminal Appeals correctly determined that the admission of the HGN test evidence was not harmless error. While we agree with that holding, we do not necessarily agree with the implicit holding that HGN test results would be admissible in future cases if the State laid the proper predicate. This Court has not been presented with sufficient evidence concerning the test's reliability or acceptance by the scientific community to address that question."
Sides v. State, 574 So.2d 859, 859 (Ala. 1990) (emphasis added) (citations omitted). See also, Desselle v. State, 596 So.2d 602
(Ala.Cr.App. 1991).
Because the HGN test has yet to be accepted as a valid scientific test, there is currently no way to lay a proper predicate for the admission of HGN test results. Therefore, in this case, it was reversible error for the trial court to allow the introduction of evidence of the HGN test and the results from the said test.
The majority attempts to evade this problem by stating that "[t]he HGN evidence was presented to the jury as a field test, not a scientific test that produced certain results, and it was accorded no more weight than the officer's other field observations." (footnote omitted). This statement is contrary to the existing law of this state. Both this court and the Alabama Supreme Court have held that the HGN test is a scientific test and that it must meet the same requirements of admissibility of any scientific test. See e.g., Malone,supra; Sides, supra; Blake v. State, 581 So.2d 1282
(Ala.Cr.App. 1991).
There was not a proper predicate laid for the introduction of HGN test results and, following Hutcherson, admission of such improper scientific evidence can never be harmless error. We should reverse the judgment of the trial court and remand this case for a new trial.
Therefore, I respectfully dissent.