Jan Michael Hardley was convicted of first-degree robbery pursuant to § 13A-8-41, Ala. Code 1975, and was sentenced to 20 years' incarceration. The Court of Criminal Appeals, on May 29, 1998, affirmed the conviction and sentence with an unpublished memorandum. Hardley v. State, (No. CR-97-0137) 738 So.2d 937
(Ala.Crim.App. 1998) (table). We reverse and remand.
The determinative issue raised by this petition is whether the State presented sufficient evidence at trial to corroborate accomplice testimony. Of course, information gathered during an investigation but not presented to a jury can neither incriminate a defendant nor corroborate accomplice testimony. Thus, we have carefully reviewed the record to determine what evidence was presented to the jury to meet the requirements for corroboration of an accomplice's testimony.
On December 18, 1995, Mrs. Clinnie Williams was robbed by two men as she left her place of employment, the Whiskey Run Grocery Store in Wilcox County. The men struck Mrs. Williams and snatched her black purse, which contained between $900 and $1,000. Mrs. Williams saw the two men run in the direction of a church. Another witness saw a red Ford Thunderbird automobile parked at the church and gave law-enforcement officers some of the numbers from the license plate of the car. On the basis of the description of the car and the partial tag number, the police arrested several suspects. Jan Michael Hardley was not arrested at that time.
Pertinent portions of the victim Clinnie Williams's testimony at Hardley's trial are summarized as follows. Except for a bruised lip, she was not hurt by her assailants. She did not "get scared." The two men were never in front of her. She could not identify her assailants. She saw what looked like a toy pistol. The man who grabbed her purse wore white or light-colored pants, and another of the robbers wore soft gloves.
Eric Williams, one of the suspects arrested for the robbery, also testified at Hardley's trial. His testimony is summarized as follows. On December 18, while Williams, Hardley, Terry Martin, Windell McMillan, and Timothy McDaniel were together at a house owned by Hardley's mother and occupied by Hardley's brother, Hardley suggested that they commit a robbery. At Hardley's suggestion, they obtained a pistol from someone Williams knew, and Williams gave the pistol to Hardley. Williams, Hardley, and the three others left the house in McDaniel's red Thunderbird. When they drove past the Whiskey Run store, Hardley suggested it would be an easy target to rob. McDaniel and Martin got out of the car and told Hardley to drive the car and to pick them *Page 156 
up at a church near the store. Williams and McMillan remained in the car with Hardley. Hardley handed McDaniel the pistol. Hardley then drove around the area and returned to the church, where they picked up McDaniel and Martin. When McDaniel got back into the car he was carrying a black purse. All five returned in the Thunderbird to Hardley's brother's house, where Hardley hid the robbers' clothing, including a hooded sweatshirt worn by McDaniel, in the attic and the outdoor garbage can.
The sheriff of Wilcox County testified that, on the basis of statements made by the original suspects in the case, he obtained a warrant to search the house where the suspects had been seen in the afternoon and evening of December 18. According to the sheriff, the suspects told him "that some clothes [that were worn during the robbery] and other items had been hid in the house, in Hardley's house."
Although the house was occupied by Hardley's brother, it was owned by his mother, who, when asked by the sheriff, consented to the search. The search warrant was executed by a deputy sheriff on December 20.
The deputy's testimony is summarized as follows. He found clothes, including light-colored jeans, a hooded sweatshirt, and brown gloves, in the attic. The original suspects told him that someone other than Hardley drove the car during the robbery but later "corrected" their statements to say that Hardley drove the car. Acting on information given by one of the original suspects, the deputy recovered a black purse and a .25 caliber pistol from a garbage can near the church.
None of the statements given by the suspects was otherwise introduced into evidence at trial. None of the clothes found at the house fit Hardley, who weighed about 357 pounds at the time of the robbery, but the clothes would fit any of the other suspects. Likewise, the victim's description of her assailants did not include anyone of Hardley's size.
After the State completed its case-in-chief, Hardley moved for a judgment of acquittal on, among other grounds, the ground that the State's proof depended on the uncorroborated testimony of accomplices. Ruling that the testimony of Eric Williams was sufficient to establish that Hardley had aided and abetted the commission of the offense, the trial judge stated:
 "While I agree that the definition of corroboration is mighty thin, I think that the clothes are sufficient to corroborate Williams's testimony. It's not to say that if I was the finder of fact I would find him guilty, I'm not. Your motion is overruled."
The defense then presented its evidence. Two witnesses called by Hardley testified that on December 18 they were at Hardley's brother's house, where they saw the other suspects and Hardley playing cards but where they heard no discussion of a robbery. Both witnesses said they left about 6:30 p.m. while Hardley and the others were still there, but they returned around 8:30 p.m. to find Hardley alone and asleep in the house. One of these witnesses testified that Hardley then told them the others "had left."
Hardley took the stand in his own defense. His testimony is summarized as follows. At the time of the robbery Hardley was attending college in Atlanta, Georgia, but was visiting his brother for the weekend. On the afternoon and evening of December 18 Hardley was at his brother's house playing cards with the other suspects. There was no discussion of robbery. When the others left around 7:00 p.m., he stayed at the house. He first learned of the robbery when Timothy McDaniel brought the others back at 9:30 p.m. Eric Williams and Windell McMillan told him that Timothy McDaniel had committed the robbery. Hardley gave a statement to the deputy, who arrested the other suspects. Hardley returned to school in Atlanta, but, when his brother telephoned *Page 157 
to tell him a warrant had been issued for his arrest, he returned to Wilcox County, where he was arrested.
At the close of all the evidence, Hardley renewed his motion for a judgment of acquittal. Ruling, "It is really close, but I'll let the jury have it," the trial court charged the jury on corroboration of an accomplice's testimony.
The jury found Hardley guilty of first-degree robbery as charged, and the trial court sentenced him to 20 years in the penitentiary and denied his post-judgment motions. The Court of Criminal Appeals affirmed his conviction and sentence and overruled his application for rehearing.
In his petition to this Court, Hardley argues that there was insufficient corroboration to support his conviction. We agree.
Section 12-21-222, Ala. Code 1975, provides:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
The requirement for corroboration of an accomplice's testimony cannot be satisfied by the testimony of still other accomplices.McCoy v. State, 397 So.2d 577, 585 (Ala.Crim.App. 1981).
In reviewing the application of § 12-21-222, Alabama courts have held:
 "The test for determining the sufficiency of evidence corroborating the testimony of an accomplice is based on a subtraction process. The accomplice testimony must be eliminated, and then if, upon examination of all other evidence, there is sufficient evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. Corroborative evidence need not be strong, and need not be sufficient in and of itself to support a conviction; it need not directly connect the accused with the crime, but only tend to do so. Circumstantial evidence is sufficient to show such corroboration."
Goodwin v. State, 644 So.2d 1269, 1274-75 (Ala.Crim.App. 1993) (citations omitted). See, also, Ex parte Woodall, 730 So.2d 652
(Ala. 1998).
 "`Section 12-21-222 "[d]oes not require corroborative testimony as to material elements of the crime. . . ." Ex parte Bell, 475 So.2d 609, 613 (Ala.), cert denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985), but, the corroborative evidence must "tend to connect the defendant with the commission of the crime." § 12-21-222, Code of Alabama 1975. "The corroboration of an accomplice may be shown by circumstantial evidence." Kuenzel v. State, 577 So.2d 474, 515 (Ala.Cr.App. 1990), aff'd, 577 So.2d 531 (Ala. 1991), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).'"
Wilson v. State, 690 So.2d 449, 456 (Ala.Crim.App. 1995) (quoting Chevere v. State, 607 So.2d 361, 365-66 (Ala.Crim.App. 1992). Discussing § 12-21-222, at § 300.01(5), C. Gamble,McElroy's Alabama Evidence (5th ed. 1996), Professor Gamble notes:
 "Nonaccomplice evidence of the defendant's guilt, to be sufficient corroboration of the accomplice's testimony to take the case to the jury, must tend to connect the defendant with the crime or point to the defendant, as distinguished from another person, as the perpetrator of the crime. Nonaccomplice evidence which merely confirms the way and manner in which the crime was committed, but which is colorless and neutral insofar as the defendant's connection with the crime is concerned, is not sufficient corroboration to warrant submission of the case to the jury."
We must review the denial of Hardley's motion for a judgment of acquittal at the close of the State's case-in-chief by *Page 158 
considering the state of the evidence as it existed at that stage of the trial. Noteworthily, the State's proof against Hardley was not substantially better at the close of all the evidence, when Hardley renewed his motion.
But for Eric Williams's testimony and the deputy's hearsay[1] references to the other accomplices' statements, there was no evidence tending to connect Hardley with the commission of this crime. The evidence upon which Hardley was convicted "emanate[d] merely from the bare statements of the accomplice[s]." Lucious v. State, 38 Ala. App. 484, 486,87 So.2d 659, 661 (1956). Eliminating Williams's testimony and the deputy's hearsay regarding the other accomplices' statements effectively eliminates any connection between Hardley and the robbery, and "examination of all [of the] other evidence" does not "tend to connect [Hardley] with the commission of the offense."Goodwin, supra. Although "[c]orroborative evidence need not be strong, and need not be sufficient in and of itself to support a conviction," it must, nevertheless, "tend to connect the defendant with the commission of the offense." Goodwin, supra.
The evidence not emanating from accomplices proved nothing, literally, except that Hardley was staying at the house owned by his mother and occupied by his brother — the location where, in the attic, the authorities found clothes, two items of which had some characteristic in common with the victim's description of the robbers' clothes but no items of which fit Hardley. Nothing found in the house connected Hardley with the planning, execution, or concealment of the robbery; and no one but the admitted robber Eric Williams and the deputy quoting the other accomplices implicated Hardley in testimony to the jury. No non accomplice evidence in the State's case-in-chief tended to prove any knowledge by Hardley of what was in the attic. Thus, the submission of the issue of Hardley's guilt to the jury was error. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause for an order consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Lyons, and England, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a memeber of the Court of Criminal Appeals when that court considered this case.
[1] Because Hardley has raised no hearsay issue before us, we do not discount the testimony for being hearsay. We discount this testimony as corroboration only because it emanated from accomplices.