825 So.2d 805 (2001)
Ex parte ALABAMA STATE TENURE COMMISSION.
(Re Gary Odom v. Alabama State Tenure Commission; and Donald Borden v. Alabama State Tenure Commission).
1000271.
Supreme Court of Alabama.
July 6, 2001.
Rehearing Denied November 2, 2001.
*806 J. Knox Argo, Montgomery, for petitioner.
Jeffrey L. Bowling of Bedford, Rogers & Bowling, P.C., Russellville, for respondents.
WOODALL, Justice.
The Court of Civil Appeals held that two tenured employees of the Franklin County Board of Education (the "Board") were prejudiced because the Board, the Alabama State Tenure Commission (the "Commission"), and the Franklin Circuit Court held joint hearings concerning the termination of their employment contracts; it reversed the circuit court's judgment which had affirmed the Commission's decision to uphold the Board's termination of the employees' contracts. We granted the Commission's petition for writ of certiorari to determine whether the Court of Civil Appeals' decision conflicts with previous appellate court decisions. We reverse and remand.
Donald Borden was the principal of Phil Campbell High School, and Gary Odom was the assistant principal of that school. As principal and assistant principal, Borden and Odom were required to complete the Professional Education Personnel Evaluation ("PEPE") program administered by the State Department of Education. Borden and Odom successfully completed one portion of the program, with both doing surprisingly well on the initial test. Another participant in the PEPE program contacted Wayne Bolton, the Franklin County School Superintendent, and notified him that Borden and Odom might be cheating. During a break in the program, the program administrators looked through Odom's notebook, which he had left unattended in the testing room. They discovered a sheet of paper containing the answers to the test questions. Apparently, another participant who had previously completed the program had forwarded a copy of the test *807 answers by facsimile to Borden and he, in turn, had placed a copy of the answers in Odom's office mailbox.
Both Borden and Odom were tenured employees protected by the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975. In order to cancel a tenured employee's contract, the Board must comply with the procedure provided by § 16-24-9. Upon review of the Board's decision, the Commission must comply with § 16-24-10. Both sections require a hearing to allow the tenured employee the opportunity to be heard. The hearing must comply with the requirements of due process of law. State Tenure Comm'n v. Madison County Bd. of Educ., 282 Ala. 658, 213 So.2d 823 (1968).
The Board held a full evidentiary hearing, and concluded that the employment of both Borden and Odom must be terminated due to their cheating on the PEPE test. Borden and Odom appealed to the Commission, which held a joint hearing on both appeals and affirmed the Board's decision. Borden and Odom appealed to the Franklin Circuit Court, which affirmed the Commission's ruling. Borden and Odom appealed to the Court of Civil Appeals, arguing that they were denied due process because the Board, the Commission, and the trial court held joint hearings instead of a separate hearing for each of them.
The Court of Civil Appeals reversed the circuit court on the ground that the joint hearing likely caused a "transferred-guilt" effect:
"Both Borden and Odom objected to the joint hearings. Hearing all the evidence against Borden and against Odom at the same time likely caused a `transferred-guilt' effect. The evidence regarding Borden is different from the evidence against Odom. It appears that Borden received the answer key by fax from an acquaintance and later passed it on to Odom. The evidence indicates that the administrators at the testing facility found an answer key in Odom's material. The evidence differs as to how the two men reacted to the allegations. The evidence indicates that Borden was much more accommodating than Odom. It appears that Odom became very upset and adamantly denied the allegations. Both men made oral statements and written statements that were used against both of them at the hearing.
". . . .
"Considering all the factors that the Board could review in making its determination, we conclude that Borden and Odom were prejudiced by not being allowed to be heard separately. The judgment is reversed, and the case is remanded for an order or proceedings consistent with this opinion."
Odom v. Alabama State Tenure Comm'n, 825 So.2d 798, 801-02 (Ala.Civ.App.2000).
Judge Crawley dissented, and Judge Thompson joined in his dissent:
"I conclude that the joint hearing for Odom and Borden before the Tenure Commission and the joint trial in the circuit court are not grounds for reversing the circuit court's judgment affirming the Commission's decision to terminate Odom and Borden.
". . . .
"The main opinion states that the fact that Odom and Borden reacted differently when confronted by the PEPE examiners, and the fact that Borden was Odom's superior, show sufficient prejudice to reverse the circuit court and the Commission's decision to hold a joint trial and hearing. I disagree. Prejudice in a joint trial exists only where the defendants present `mutually exclusive and antagonistic defenses.' Hill v. *808 State, 481 So.2d 419, 424 (Ala.Crim.App. 1985). Odom and Borden each defended by simply denying any wrongdoing. Neither defended by arguing guilt on the part of the other. Almost all joint trials will involve differences in particular evidence as to each defendant, and I conclude that the different evidence in this record is not prejudicial.
"Moreover, the primary purpose of providing a separate trial for criminal defendants is to provide each defendant with his own jury composed of an entirely different set of persons who have not heard the evidence from the other case. In this case, the Commission is composed of a particular set of persons; thus, the group that would conduct the separate hearings would, as well, conduct the joint hearing. Ala.Code 1975, § 16-24-31. Therefore, any `prejudice' from a joint hearing will not be lessened by providing separate hearings."
Id., 825 So.2d at 802-03.
The Commission relies upon both "first impression" and "conflict" as grounds for certiorari review. Rule 39(a)(1)(C) and (D), Ala. R.App. P. We consider only the Commission's contention that the Court of Civil Appeals' conclusion that Odom and Borden were prejudiced by not being allowed to be heard separately is in direct conflict with Ex parte Washington, 562 So.2d 1304 (Ala.1990); Gibson v. State, 555 So.2d 784 (Ala.Crim.App.1989); and Hill v. State, 481 So.2d 419 (Ala.Crim.App.1985).
In Ex parte Washington, this Court quoted the rule on joint hearings promulgated by the Court of Criminal Appeals in Hill v. State, supra:
"`The decision whether to grant a severance, or order a joinder of defendants, lies within the broad discretion of the trial court. This Court will not overturn that decision absent an abuse of discretion. United States v. Webster, 734 F.2d 1048, 1052 (5th Cir.), cert. denied sub nom., Hoskins v. United States, 469 U.S. 1073, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). "In order to establish an abuse of discretion, the defendant must show that he `received an unfair trial and suffered compelling prejudice against which the trial court was unable to afford protection.' See U.S. v. Berkowitz, 662 F.2d [1127] at 1132 [(5th Cir.1981)]." Webster, 734 F.2d at 1052.
"`"When codefendants allege antagonistic defenses as a ground for severance, this Court has applied very specific tests to determine whether the trial was unfair. To compel severance, the defenses must be antagonistic to the point of being irreconcilable and mutually exclusive. See, United States v. Berkowitz, 662 F.2d at 1133; United States v. Crawford, 581 F.2d [489] at 491 [(5th Cir.1978)]. The defenses must be so antagonistic that the jury, in order to believe the defense of one defendant, must necessarily disbelieve the other defendant's defenses. Id." Webster, 734 F.2d at 1053.'"
Ex parte Washington, supra, at 1305-06, quoting Hill v. State, supra, at 424.
In this case, there is no claim that Borden and Odom presented mutually exclusive and/or antagonistic defenses. It is not the case here that in order to believe Borden, one must necessarily disbelieve Odom. As stated by Judge Crawley: "Odom and Borden each defended by simply denying any wrongdoing." 825 So.2d at 802.
In concluding that Borden and Odom should have been granted separate hearings, the Court of Civil Appeals quoted Gibson v. State, 555 So.2d 784 (Ala.Crim. App.1989). However, the quotation omitted important language, which is emphasized below:
"`The trial of multiple defendants carries "substantial risks of manifest unfairness." *809 United States v. McLaurin, 557 F.2d 1064, 1074 (5th Cir.1977). "Inherent in every joint trial is, of necessity, some degree of bias. Only in the event such prejudice appears to be compelling does severance become warranted." United States v. Marszalkowski, 669 F.2d 655, 660 (11th Cir.1982).'"
555 So.2d at 795, quoting Holsemback v. State, 443 So.2d 1371 at 1377 (Ala.Crim. App.1983). The Gibson case concludes: "On appeal, `appellant has a heavy burden of establishing that he was unable to obtain a fair trial without a severance and that he suffered compelling prejudice which the trial court could not prevent.' Murray v. State, 494 So.2d 891, 894 (Ala. Cr.App.1986)." Gibson, 555 So.2d at 795.
Here, the Court of Civil Appeals found no abuse of discretion in holding the joint hearings, nor did it find that there was "compelling prejudice" or "antagonistic defenses." Instead, the Court of Civil Appeals concluded that "Borden and Odom were prejudiced by not being allowed to be heard separately." 825 So.2d at 802. This holding conflicts with prior decisions requiring a showing that the accused suffered compelling prejudice. Ex parte Washington, supra; Hill v. State, supra; and Gibson v. State, supra. Odom and Borden failed to carry their heavy burden of showing that they received an unfair hearing without the severance and that they suffered compelling prejudice. Therefore, the Court of Civil Appeals erred in reversing the trial court. We reverse the judgment of the Court of Civil Appeals and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, SEE, BROWN, HARWOOD, and STUART, JJ., concur.
LYONS and JOHNSTONE, JJ., concur specially.
LYONS, Justice (concurring specially).
Odom and Borden complained about having a joint hearing, and they point to that portion of § 16-24-9, Ala.Code 1975, giving a teacher the right to insist on a private hearing, as evidence that the Legislature intended to allow only separate hearings for each teacher. They say that if this Court upholds the joint hearing in this case then it will have removed a key part of § 16-24-9 from the Code. However, Odom and Borden elected to have a public hearing. Under these circumstances, I agree with the main opinion's conclusion that Odom and Borden have not been denied due process.
JOHNSTONE, Justice (concurring specially).
I concur in the main opinion. I write, however, to explain a second test to be applied by the courts to determine whether two defendants' respective defenses are so antagonistic as to require separate trials for the two defendants.
The main opinion correctly quotes the first test: "The defenses must be so antagonistic that the jury, in order to believe the defense of one defendant, must necessarily disbelieve the other defendant's defenses." 825 So.2d at 808 (quoting Ex parte Washington, 562 So.2d 1304, 1305-06 (Ala.1990) (internal citations and quotation marks omitted)).
The second test is
"`that an antagonistic defense would present a conflict so prejudicial that [the] defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both [defendants] are guilty.... It applies only when there is a danger that the jury will unjustifiably infer that this conflict alone *810 demonstrates that both [defendants] are guilty; it does not apply when independent evidence of each defendant's guilt supports the jury's verdict.'"
Ex parte Hardy, 804 So.2d 298, 304-05 (Ala.2000) (quoting Greathouse v. State, 624 So.2d 202, 205 (Ala.Crim.App.1992), aff'd, 624 So.2d 208 (Ala.1993)). (Emphasis added in Hardy.) (Citations and internal quotation marks omitted.) In other words, the antagonism that would satisfy this second test is antagonism that would discredit both defenses to the extent that the fact-finder would find both defenses to be false.
Antagonistic defenses that meet either test require separate trials. As the main opinion in this case now before us correctly observes, however, the respective defenses of Borden and Odom are not antagonistic at all.