I concur fully in the main opinion; I write only to clarify my understanding of the appropriate standard of review.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824,17 L.Ed.2d 705 (1967), the Supreme Court of the United States held that a lower court's violation of certain of a defendant's constitutional rights could be deemed harmless and therefore not require reversal of a conviction. In Ex parteGreathouse, 624 So.2d 208, 210 (Ala. 1993), this Court explained: *Page 166 
 "In [United States v. Hasting, 461 U.S. 499, 509 (1983)], the Court observed that, `[s]ince Chapman, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations,' id. (citations omitted), and stated that the proper question for a reviewing court to ask is: `[A]bsent the prosecutor's allusion to the failure of the defense to proffer evidence to rebut the testimony of the victims, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?' . . .
 "Our harmless error rule provides in pertinent part:
 "`No judgment may be reversed or set aside on the ground of misdirection of the jury . . . unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.'
 "Rule 45, Ala.R.App.P."
Thus, in Greathouse this Court identified both a beyond-a-reasonable-doubt standard of review and a probably-affected-substantial-rights standard of review, without explaining the relationship between the two. Similarly, in Ex parte Hutcherson, 677 So.2d 1205 (Ala. 1996), this Court again stated both standards.
I understand Rule 45 to set out the "harmless error" standard of review. We do not reverse or set aside a judgment, even where there was error below, if the error was harmless, that is, if it did not "injuriously affect substantial rights of the parties." Rule 45, Ala.R.App.P. In determining whether an error had such an injurious effect on a substantial right of a criminal defendant, the standard we must satisfy is whether it is "clear beyond a reasonable doubt that the jury would have returned a verdict of guilty" even had the error not occurred.Greathouse, 624 So.2d at 210.
For the reasons stated in the main opinion, I do not believe that it is "clear beyond a reasonable doubt that the jury would have returned a verdict of guilty" absent the improperly introduced evidence.