*614 KELLUM, Judge,
concurring specially.
Although I agree with the ultimate conclusion in the majority opinion that the admission of Humphrey’s testimony about Campbell’s statements was harmless, I write specially to clarify my understanding of the appropriate standard of review in cases involving the application of the harmless-error rule. Our harmless-error rule provides, in pertinent part:
“No judgment may be reversed or set aside ... on the ground of ... improper admission or rejection of evidence ... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
Rule 45, Ala. R.App. P.
In Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the Supreme Court of the United States held that before the violation of certain constitutional rights can be held harmless, the appellate court must be able to declare a belief that it was harmless beyond a reasonable doubt. The Court reasoned: “While appellate courts do not ordinarily have the original task of applying such a test, it is a familiar standard to all courts, and we believe its adoption will provide a more workable standard.” Chapman, 386 U.S. at 24, 87 S.Ct. 824.
In Ex parte Greathouse, 624 So.2d 208 (Ala.1993), the Alabama Supreme Court explained:
“In so holding [in United States v. Hasting, 461 U.S. 499, 509 (1983)], the Court observed that, ‘[s]ince Chapman, the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations,’ id. (citations omitted), and stated that the proper question for a reviewing court to ask is: ‘[A]bsent the prosecutor’s allusion to the failure of the defense to proffer evidence to rebut the testimony of the victims, is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?’ ”
624 So.2d at 210. Thus, in order to determine if the error alleged to be harmless did not “injuriously affect[] substantial rights of the parties” Rule 45, Ala. R.App. P., the reviewing court must review the trial record as a whole to determine if it is “clear beyond a reasonable doubt that the jury would have returned a verdict of guilty” absent the improperly introduced evidence. Greathouse, 624 So.2d at 210. See also Ex parte Hutcherson, 677 So.2d 1205 (Ala.1996).