WELCH, Judge.
Jarvis Maurice Williams was convicted of felony murder, a violation of § 13A-6-2(a)(3), Ala.Code 1975. The trial court sentenced him to life in prison. This appeal follows.
On October 3, 2008, at approximately 11:40 a.m., Cory Landrum was shot and killed in the Alabama Village neighborhood in Prichard. Terry Parnell and C.D., a juvenile, were arrested shortly after the murder, and both individuals admitted their involvement, pleaded guilty, and testified at Williams’s trial. Parnell testified at trial that a couple of days before the murder Williams came by Parnell’s grandmother’s house and asked to borrow Parnell’s pistol. Williams claimed that he needed it for protection. Parnell testified that on the day of the murder Williams told Parnell that he was going to rob someone. The plan was to rob someone driving through the Village to buy marijuana. Parnell agreed to participate, and C.D. agreed to participate to the extent that he was going to try to take any item of value in the victim’s vehicle. According to Parnell, drugs were regularly sold in the neighborhood. People would flag down individuals driving through the neighborhood and sell them marijuana. Parnell testified that Williams wanted to stop and rob a white person because, according to Williams, white people tended not to carry weapons. The three males stood on Dunlap Street and waited. Land-rum, the victim, drove up and requested marijuana. Williams acted as if he were going to retrieve some marijuana, but, instead, Williams drew Parnell’s pistol and demanded that Landrum give him everything he had. Landrum handed Williams a five-dollar bill from his pocket and told Williams that was all the money he had. Landrum showed Williams his empty wallet, and Williams shot Landrum in the *722 abdomen. Williams took the five-dollar bill and Landrum’s cellular phone. Land-rum attempted to drive away, but shortly after leaving the scene, he hit a telephone pole at the corner of Dunlap Street and Turner Street. Landrum died as a result of his injuries. Parnell testified that he got his pistol back from Williams and took it with him to a friend’s house. When the police came to the house to arrest him, they asked where the murder weapon was, and Parnell told them where to locate the gun in the house. Forensic evidence linked the pistol to Landrum’s shooting.
C.D. testified that he was with Williams and Parnell shortly before the shooting. He realized that Williams wanted to rob someone when he asked Parnell for the pistol. C.D. was in agreement with the plan. C.D. testified that the victim approached them and that Williams robbed and shot him. C.D. testified that Parnell got the victim’s cellular phone and threw it on the ground. C.D. picked up the cellular phone, but when he could not get the phone to work, he threw it back down. C.D.’s testimony contradicts Parnell’s testimony that Parnell got the cellular phone from Williams after the murder.
Nicholas Smalley testified that he and a coworker were driving through the Village on the day of the shooting to retrieve some money and keys from the coworker’s house. As they entered the neighborhood, Smalley saw several males on the corner of Dunlap Street and Marengo Street. According to Smalley, the men were trying to wave him down to sell him drugs. Williams was among the group of men; however, Smalley testified, Williams was not one of the men flagging down motorists. As Smalley arrived at his coworker’s house, he heard a gunshot. When he and the coworker drove out of the neighborhood, he saw Landrum’s truck and several people standing at the driver’s side door. Smalley left the area.
On appeal, Williams argues that the trial court erred in denying his motion for a judgment of acquittal. Specifically, Williams argues that there was no evidence connecting him to the crime other than Parnell’s and C.D.’s testimony. Williams contends that their testimony was not sufficiently corroborated under § 12-21-222, Ala.Code 1975.
Section 12-21-222, Ala.Code 1975, provides:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
In addressing whether evidence was sufficient to corroborate accomplice testimony in Ex parte McCullough, 21 So.3d 758 (Ala.2009), the Alabama Supreme Court stated:
“In Ex parte Hardley, 766 So.2d 154 (Ala.1999), this Court addressed the test for determining the sufficiency of evidence corroborating an accomplice’s testimony:
‘“Discussing § 12-21-222, at § 300.01(5), C. Gamble, McElroy’s Alabama Evidence (5th ed.1996), Professor Gamble notes:
“ ‘ “Nonaccomplice evidence of the defendant’s guilt, to be sufficient corroboration of the accomplice’s testimony to take the case to the jury, must tend to connect the defendant with the crime or point to the defendant, as distinguished from another person, as the perpetrator of the crime. Nonaccomplice evidence which merely confirms the *723 way and manner in which the crime was committed, but which is colorless and neutral insofar as the defendant’s connection with the crime is concerned, is not sufficient corroboration to warrant submission of the case to the jury.” ’
“766 So.2d at 157.
“This Court has elaborated on this test:
“ ‘Under § 12-21-222, Ala.Code 1975, a felony conviction “cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.” (Emphasis added.) In reviewing a claim of insufficient corroboration, the Alabama appellate courts have stated that
“ ‘ “[t]he test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient evidence tending to connect the defendant with the commission of the offense.”
“ ‘Andrews v. State, 370 So.2d 320, 321 (Ala.Crim.App.), cert denied, 370 So.2d 323 (Ala.1979), citing Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973). The evidence corroborating the accomplice’s testimony and connecting the defendant to the offense can be purely circumstantial evidence. Mathis v. State, 414 So.2d 151 (Ala.Crim.App.1982). But, “ ‘[i]t must be of a substantive character, must be inconsistent with the innocence of the accused, and must do more than raise a suspicion of guilt....’ Sorrell v. State, 249 Ala. 292, [293], 31 So.2d 82, 83 [(1947)].” Ex parte Bell, 475 So.2d 609, 613 (Ala.), cert denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985).’
“Ex parte Bullock, 770 So.2d 1062, 1067 (Ala.2000).
“Furthermore, in Ex parte Stewart, 900 So.2d 475 (Ala.2004), this Court, quoting Ex parte Hunt, 744 So.2d 851, 858-59 (Ala.1999), noted:
“ ‘ “The Court of Criminal Appeals has ... added the following caveats to the rule [regarding corroboration of accomplice testimony]:
“ ““ “The tendency of the corroborative evidence to connect [the] accused with the crime, or with the commission thereof, must be independent, and without the aid of any testimony of the accomplice; the corroborative evidence may not depend for its weight and probative value on the testimony of the accomplice, and it is insufficient if it tends to connect [the] accused with the offense only when given direction or interpreted by, and read in conjunction with the testimony of the accomplice.” 23 C.J.S. Criminal Law, Section 812(b)(1961).’
““‘Mills v. State, 408 So.2d [187], 191-92 [ (Ala.Crim.App.1981) ].”
“ ““ “ ‘[EJvidence which merely raises a conjecture, surmise, speculation, or suspicion that [the] accused is the guilty person is not sufficiently corroborative of the testimony of an accomplice to warrant a conviction.’ 23 C.J.S. Criminal Law, Section 12(5)(b).” Staton v. State, 397 So.2d 227, 232 (Ala.Crim.App.1981).’
“ ‘ “Steele v. State, 512 So.2d 142, 143-44 (Ala.Crim.App.1987).” ’
*724 “900 So.2d at 477-78 (emphasis added).
21 So.3d at 761-62.
Applying the rule that requires that Parnell’s and C.D.’s testimony must first be subtracted and the remaining evidence examined, the only testimony that references Williams, the testimony with which we are left with, is the testimony of Smal-ley. Smalley’s testimony does not connect Williams to the crime. Without the accomplices’ testimony, Smalley’s testimony does no more than place Williams in the proximity of the crime. Smalley’s testimony did not even place Williams with the accomplices. Smalley did not identify any of the men he saw Williams with on the day of the murder. The fact that Williams was in the area at the time of the murder, without more, does not “raise a suspicion of [Williams’s] guilt.” Ex parte Bullock, 770 So.2d 1062, 1067 (Ala.2000). Even if nonaccomplice testimony had been presented that Williams was seen in the presence of the accomplices near the crime scene shortly before the murder, and even if we found, which we would not, that such testimony connected Williams to the murder, the evidence would still be insufficient corroboration of the accomplices’ testimony because this evidence would only connect Williams to the offense when given direction or interpretation by, and read in conjunction with, the testimony of the accomplices.
Smalley’s testimony does not tend to connect Williams to the murder. Because the evidence was insufficient under § 12-21-222, Ala.Code 1975, to corroborate the accomplices’ testimony that Williams had participated in the murder, we reverse the trial court’s judgment and render a judgment of acquittal for Williams.
REVERSED AND JUDGMENT RENDERED.
WINDOM, KELLUM, and MAIN, JJ., concur. WISE, P.J., dissents, with opinion.