WELCH, Judge, dissenting.
William Lane Bosner appealed from his convictions for murder made capital because a murder was committed during the course of a robbery in the first degree, a violation of § 13A-5-40(a)(2), Ala. Code 1975, and murder made capital because it was committed during the course of a burglary in the first degree, a violation of § 13A-5-40(a)(4), Ala. Code 1975. Bosner argued on appeal, as he did at trial, that the circuit court erred in admitting the backpack and its incriminating contents into evidence because, he says, the backpack and its contents were obtained in violation of the Fourth Amendment. The majority agrees, holding that the backpack should not have been admitted into evidence; however, it holds that the error was harmless.
I agree with the majority that the backpack should not have been admitted into evidence; however, I do not believe that its admission was harmless. Therefore, I respectfully dissent.
Section 12-21-222, Ala. Code 1975, provides:
"A conviction of a felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
In addressing whether evidence was sufficient to corroborate accomplice testimony in Ex parte McCullough, 21 So.3d 758 (Ala. 2009), the Alabama Supreme Court stated:
" In Ex parte Hardley, 766 So.2d 154 (Ala. 1999), this Court addressed the test for determining the sufficiency of evidence corroborating an accomplice's testimony:
" 'Discussing § 12-21-222, at § 300.01(5), C. Gamble, McElroy's Alabama Evidence (5th ed. 1996), Professor Gamble notes:
" ' "Nonaccomplice evidence of the defendant's guilt, to be sufficient corroboration of the accomplice's testimony to take the case to the jury, must tend to connect the defendant with the crime or point to the defendant, as distinguished from another person, as the perpetrator of the crime. Nonaccomplice evidence which merely confirms the way and manner in which the crime was committed, but which is colorless and neutral insofar as the defendant's connection with the crime is concerned, is not sufficient corroboration to warrant submission of the case to the jury." '
" 766 So.2d at 157.
"This Court has elaborated on this test:
" 'Under § 12-21-222, Ala. Code 1975, a felony conviction "cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with *1043 the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient." (Emphasis added.) In reviewing a claim of insufficient corroboration, the Alabama appellate courts have stated that
" ' "[t]he test for determining whether there is sufficient corroboration of the testimony of an accomplice consists of eliminating the testimony given by the accomplice and examining the remaining evidence to determine if there is sufficient evidence tending to connect the defendant with the commission of the offense."
" ' Andrews v. State, 370 So.2d 320, 321 (Ala. Crim. App.), cert denied, 370 So.2d 323 (Ala. 1979), citing Miller v. State, 290 Ala. 248, 275 So.2d 675 (1973). The evidence corroborating the accomplice's testimony and connecting the defendant to the offense can be purely circumstantial evidence. Mathis v. State, 414 So.2d 151 (Ala. Crim. App. 1982). But, " '[i]t must be of a substantive character, must be inconsistent with the innocence of the accused, and must do more than raise a suspicion of guilt ....' Sorrell v. State, 249 Ala. 292, [293], 31 So.2d 82, 83 [ (1947) ]." Ex parte Bell, 475 So.2d 609, 613 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed. 2d 585 (1985).'
" Ex parte Bullock, 770 So.2d 1062, 1067 (Ala. 2000).
"Furthermore, in Ex parte Stewart, 900 So.2d 475 (Ala. 2004), this Court, quoting Ex parte Hunt, 744 So.2d 851, 858-59 (Ala. 1999), noted:
" ' "The Court of Criminal Appeals has ... added the following caveats to the rule [regarding corroboration of accomplice testimony]:
" ' " ' "The tendency of the corroborative evidence to connect [the] accused with the crime, or with the commission thereof, must be independent, and without the aid of any testimony of the accomplice; the corroborative evidence may not depend for its weight and probative value on the testimony of the accomplice, and it is insufficient if it tends to connect [the] accused with the offense only when given direction or interpreted by, and read in conjunction with the testimony of the accomplice." 23 C.J.S. Criminal Law, Section 812 (b)(1961).'
" ' " Mills v. State, 408 So.2d [187], 191-92 [ (1981) ]."
" ' " ' " '[E]vidence which merely raises a conjecture, surmise, speculation, or suspicion that [the] accused is the guilty person is not sufficiently corroborative of the testimony of an accomplice to warrant a conviction.' 23 C.J. S. Criminal Law, Section 12(5)(b)." Staton v. State, 397 So.2d 227, 232 (Ala. Crim. App. 1981).'
" ' " Steele v. State, 512 So.2d 142, 143-44 (Ala. Crim. App. 1987)." '
" 900 So.2d at 477-78 (emphasis added).
21 So.3d at 761-62.
Without the backpack and its contents, I do not believe that the State presented any nonaccomplice testimony that connected Bosner to the crime. In finding that there was sufficient corroborating evidence, the majority relies on the following:
"(1) the argument Calhoun overheard two days before Bosner was detained that included a reference to a homicide; (2) Sturgeon's testimony ... that she and Bosner had an argument two days before Bosner was detained; (3) the e-mail *1044 Bosner sent his mother while incarcerated awaiting trial; and (4) evidence indicating that Bosner attempted to evade prosecution by escaping from the Blount County Correctional Facility."
274 So.3d at 1041.
I acknowledge that an escape can indicate a consciousness of guilt; however, I do not find that an escape from custody along with the remaining points quoted above satisfy the requirement that the corroborative evidence "must tend to connect the defendant with the crime or point to the defendant, as distinguished from another person, as the perpetrator of the crime." Ex parte McCullough, 21 So.3d at 761. Although Calhoun overheard an argument between Bosner and Sturgeon in which Bosner mockingly referenced a homicide, Calhoun did not testify that Bosner referenced the murders of Hazelrig and Sherrer. Sturgeon's testimony did corroborate that an argument occurred, but this fact does not tend to connect Bosner to the murders. Further, her testimony contradicted Calhoun's testimony that Bosner had referenced a murder during their argument. The e-mail Bosner sent to his mother does not necessarily indicate a consciousness of guilt. The e-mail is ambiguous and, at best, shows only that Bosner assumed he would be going to prison. Such a resignation does not necessarily point to a consciousness of guilt. Although these facts raise speculation and suspicion that Bosner is guilty, without the aid of accomplice testimony and the contents of the backpack, I do not find them to be "of a substantive character ... inconsistent with the innocence of the accused," nor do they do "more than raise a suspicion of guilt." Ex parte McCullough, 21 So.3d at 761.
Further, I do not agree with the majority that the erroneous admission of the backpack and its contents was harmless because the "evidence overwhelmingly indicated that Bosner participated in the alleged crimes." 274 So.3d at 1040. The evidence establishing that Bosner was involved in the murders was not so overwhelming as to render the error harmless. Had the evidence of the contents of the backpack been excluded, the jury would have been provided essentially with the accomplice testimony which had to be, but, as I stated above, was not, corroborated. Here, the nonaccomplice testimony was weak and conflicting. As previously stated, Calhoun testified that he heard Bosner reference a murder during an argument with Sturgeon. Sturgeon testified that Bosner did not reference a murder during the argument and that she was unaware of his involvement in a murder. If the jury had found itself unable to determine who was telling the truth or if it found Sturgeon more credible, its members might have been unable to agree that Bosner was guilty beyond a reasonable doubt. Thus, the jury might have returned a not-guilty verdict or perhaps have been deadlocked, necessitating a mistrial. Given the strong and damning evidence found in the backpack, I cannot ignore its probable effect on the jury.
Finally, in Malone v. State, 575 So.2d 106 (Ala. 1990), the Alabama Supreme Court reversed Malone's conviction because erroneously admitted evidence might have had a disproportionate impact on the jury's verdict. In Malone, the Alabama Supreme Court held:
" '[T]he proper inquiry here is not whether evidence of the defendant's guilt is overwhelming but, instead, whether a substantial right of the defendant has or probably has been adversely affected.... Overwhelming evidence of guilt does not render prejudicial error harmless under Rule 45, Ala.R.App.P.' (Citations omitted.)
*1045 "The problem created by the improper admission of the HGN evidence is due to the scientific nature of the test and the disproportionate impact it might have had on the jury's decision-making process. As noted by the Court of Criminal Appeals, a jury ' "might give undue weight to [HGN] evidence since it may appear to lend the certainty of an exact discipline to problematic factfinding." ' [Malone v. City of Silverhill,] 575 So.2d [101,] at 104 [ (Ala.Crim.App. 1989) ] (quoting G. Lilly, An Introduction to the Law of Evidence 407 (1978) ). In light of these considerations and the adverse effect that the erroneous admission of the HGN test evidence might have had on Malone's right to a fair trial, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded. The Court of Criminal Appeals is instructed to remand this cause for a new trial."
575 So.2d at 107. See also Ex parte Phillips, 962 So.2d 159 (Ala. 2006) (holding that the erroneous admission of evidence on chlamydial infections of victim and her mother was not harmless in sexual-abuse trial). The same is true in Bosner's case. That the evidence against Bosner was "ample" or overwhelming is no barrier to a reversal if a substantial right of Bosner's "has or probably has been adversely effected." Rule 45, Ala. R. App. P. " '[T]he harmless error rule excuses the error of admitting inadmissible evidence only [when] the evidence was so innocuous or cumulative that it could not have contributed substantially to the adverse verdict.' Ex parte Baker, 906 So.2d 277, 284 (Ala. 2004)." Horton v. State, 217 So.3d 27, 59 (Ala. Crim. App. 2016). Given the extremely prejudicial content of the backpack, it is reasonable to conclude that it carried great weight or, when compared to the other evidence, disproportionate weight; and, thus, its erroneous admission probably had an adverse effect on the "jury's decision-making process." 575 So.2d at 107.
Based on the above, it is my opinion that the only evidence tending to corroborate the accomplices' testimony that Bosner participated in the murders, in compliance with § 12-21-222, Ala. Code 1975, was the evidence seized pursuant to the unlawful search of Bosner's backpack. This evidence had a prejudicial impact on the jury's deliberations and adversely affected Bosner's substantial rights. I cannot say that the admission of the contents of the backpack was harmless beyond a reasonable doubt. Accordingly, I would reverse Bosner's convictions and remand this matter for a new trial.